# IN THE UNITED STATES DISTRICT COURT
# FOR THE EASTERN DISTRICT OF TEXAS
# MARSHALL DIVISION

| | |
|---|---|
| QUANTUM TECHNOLOGY INNOVATIONS, LLC<br><br>　　　　Plaintiff,<br><br>　　v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, LLC<br>　　　　Defendants | Civil Action No. 2:23-cv-425-JRG-RSP |

## DEFENDANT VALVE CORPORATION'S MOTION TO DISMISS UNDER FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) FOR IMPROPER VENUE

**TABLE OF CONTENTS**

                                                                                                    **Page**

I. INTRODUCTION ............................................................................................................1

II. FACTUAL BACKGROUND ..........................................................................................2

III. LEGAL STANDARDS ...................................................................................................3

IV. ARGUMENT ...................................................................................................................4

        A. Venue Is Improper in the Eastern District of Texas Because Valve Has No Physical Place in This District ...........................................................................4

                1. Valve Has No Office Space or Real Property in This District ..................4

                2. Valve Has No Employees in This District .................................................4

        B. The Court Should Disregard Quantum's Remaining Irrelevant Venue Allegations ............................................................................................................5

                1. Quantum's Reliance on Out-of-District Former Employees and Independent Contractors ............................................................................5

                2. Valve's Decades-Old Collaboration with Gearbox .................................7

                3. Valve's Texas Taxpayer Number Is Irrelevant to the Venue Analysis ......................................................................................................9

                4. Neither Valve's Intervention in a 2013 Lawsuit Nor Its Consent to Venue in a 2015 Lawsuit Confer Venue in 2023 ..................................9

                5. Valve's Sale of Gift Cards in this District Is Irrelevant to the Venue Analysis ........................................................................................11

        C. The Court Should Dismiss the Case ..................................................................12

V. CONCLUSION ..............................................................................................................13

CERTIFICATE OF SERVICE ................................ **ERROR! BOOKMARK NOT DEFINED.**

# TABLE OF AUTHORITIES

# TABLE OF AUTHORITIES

Page(s)

**Cases**

*Akurate Dynamics, LLC v. Carlisle Luid Tech., Inc.*,
   No. 6:20-cv-00606-ADA, 2021 WL 860006 (W.D. Tex. Mar. 8, 2021) ................................. 12

*Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*,
   No. 2:19-CV-00331-JRG, 2021 WL 8441707 (E.D. Tex. Sept. 3, 2021) ............................. 12

*AptusTech LLC v. Trimfoot Co., LLC*,
   No. 4:19-cv-00133-ALM, 2020 WL 1190070 (E.D. Tex. Mar. 12, 2020) ............................... 3

*C.R. Bard, Inc. v. AngioDynamics, Inc.*,
   No. 2:12-cv-00035-RJS-DAO, 2020 WL 6710423 (D. Utah Nov. 16, 2020) ....................... 11

*In re Cordis Corp.*,
   769 F.2d 733 (Fed. Cir. 1985) .............................................................................................. 3

*In re Cray Inc.*,
   871 F.3d 1355 (Fed. Cir. 2017) ............................................................................. 3, 4, 5, 7

*Display Technologies, LLC v. Nvida Corp.*,
   No. 2:15-cv-00998-JRG-RSP, Dkt. 41 (E.D. Tex. Oct. 28, 2015) .................................. 10, 11

*Display Techs. LLC v. Valve Corp.*,
   No. 2:22-cv-01365 (W.D. Wash.) ........................................................................................ 13

*Koss Corp. v. Skullcandy, Inc.*,
   No. 6:20-cv-00664-ADA, 2021 WL 1226775 (W.D. Tex. Mar. 31, 2021) ........................... 12

*In re Micron Tech., Inc.*,
   875 F.3d 1091 (Fed. Cir. 2017) ........................................................................................... 11

*Optic153 LLC v. ThorLabs, Inc.*,
   No. 6:19-cv-0067-ADA, 2020 WL 3403076 (W.D. Tex. Jun. 19, 2020) ............................. 12

*Pers. Audio, LLC v. Google, Inc.*,
   280 F. Supp. 3d 922 (E.D. Tex. 2017) ................................................................................. 5

*Social Positioning Input Sys., LLC v. Valve Corp.*,
   2:22-cv-01366 (W.D. Wash.) .............................................................................................. 13

*TC Heartland LLC v. Kraft Food Grp. Brands LLC*,
   581 U.S. 258 (2017) ................................................................................................. 3, 9, 11

ii

*Toshiba Int'l Corp. v. Fritz*,
    993 F. Supp. 571 (S.D. Tex. 1998) .................................................................................10

*Uniloc USA, Inc. v. Nutanix, Inc.*,
    No. 2:17-CV-00174-JRG, 2017 WL 11527109 (E.D. Tex. Dec. 6, 2017) ..............................12

*Uniloc v. Activision Blizzard, Inc.*,
    No. 6:13-cv-00256-LED, Dkt. 1 (E.D. Tex. Mar. 21, 2013) ..............................................9, 10

*Unity Opto Tech. Co. v. Lowe's Home Centers, LLC*,
    No. 18-cv-27-JDP, 2018 WL 2087250 (W.D. Wis. May 4, 2018) ........................................8, 9

*V&A Collection, LLC v. Guzzini Props. Ltd.*,
    46 F.4th 127 (2d Cir. 2022) ...........................................................................................10, 11

*Valve Corporation v. Rothschild et al.*,
    No. 2:23-cv-01016 (W.D. Wash.) ........................................................................................1

**Statutes**

28 U.S.C. § 1400(b) .........................................................................................................3, 4, 5

**Other Authorities**

Fed. R. Civ. P. 12(b)(3).........................................................................................................2, 13

I.      INTRODUCTION

Earlier this year, Valve Corporation ("Valve") sued Quantum Technology Innovations, LLC's ("Quantum") owner, Leigh Rothschild, in the U.S. District Court for the Western District of Washington.[1] Valve's lawsuit accuses Rothschild and several of his other companies of violating Washington state's Anti-Troll Statute due to their repeated and improper accusations of patent infringement against Valve based on patents to which Valve is already licensed. Not content with litigating that dispute on the merits, Rothschild—through Quantum—filed this patent infringement suit far away from Valve's headquarters in Washington.[2] In doing so, however, Quantum and Rothschild have chosen the wrong venue to file their retaliatory suit. Rothschild, through its corporate entities, previously sued Valve in Washington, and Rothschild's choice to now sue Valve in the Eastern District of Texas is nothing but a conspicuous effort to drive up Valve's costs by requiring it to defend itself in a far-away forum.

Valve has no meaningful connection to this District. Neither party disputes that Valve is incorporated and headquartered in Washington and does not have a regular and established place of business in this District. Valve does not own any office space, operate any stores, lease any storage space, or have any physical presence in the Eastern District of Texas. Nor does Valve have any employees in this District. This should end the inquiry.

In an attempt to manufacture a connection to the Eastern District of Texas where none exists, Quantum alleges a series of irrelevant and misleading facts. Indeed, Quantum's own

---

[1] *See Valve Corporation v. Rothschild et al.*, No. 2:23-cv-01016 (W.D. Wash.).
[2] Rothschild has filed two other retaliatory lawsuits against Valve. *Symbology Innovations, LLC v. Valve Corp. et al*, Case No. 2:23-cv-419 (E.D. Tex. Sept. 15, 2023); *Social Positioning Input Sys., LLC, v. Valve Corp. et al*, Case No. 2:23-cv-422 (E.D. Tex Sept. 18, 2023). Valve has moved to dismiss both cases under Rule 12(b)(3) for improper venue.

purported evidence contradicts its venue allegations. Accordingly, Valve respectfully moves under Rule 12(b)(3) to dismiss for improper venue.

## II.     FACTUAL BACKGROUND

As Quantum admits, Valve is incorporated and has its principal place of business in Washington state. Dkt. 1, ¶ 2. Valve does not own any real property, rent any office space, or possess or control any "shelf space" in the Eastern District of Texas. *See* Declaration of Christopher Schenck ("Schenck Decl."), ¶ 6. Nor did Quantum identify any physical presence of Valve in its Complaint.

Instead, Quantum attempts only to identify five purported employees that allegedly have relevant information to this lawsuit. Dkt. 1, ¶ 7. The LinkedIn profiles Quantum relies on indicate that four of those five people do not reside in this District. Dkt. 1, ¶ 7 (listing Mitchell Ludolf (Kendalia, TX), Bradon Reinhart (Las Vegas, NV), Helen Pope (San Antonio, TX), and Jenni Jacobi (Austin, TX)). Furthermore, none of these four individuals are current employees of Valve (Schenck Decl., ¶ 11), confirming their irrelevance to the question of venue.

Timothee Yeramian is the only Valve employee who Quantum claims resides in this District. Mr. Yeramian, however, actually lives in Washington. *See* Ex. 1 (Declaration of Timothee Yeramian filed in *Symbology Innovation Techs. v. Valve Corp. et. al*, No. 23-419, Dkt. 11-2 (E.D. Tex. Nov. 6, 2023)), ¶ 6. He has worked for Valve for less than a year and moved from Texas to Washington in 2022. *Id.*, ¶ 7. Quantum's reliance on Mr. Yeramian's previous Texas connection stems from an outdated LinkedIn page. *Id.*, ¶ 8.

Quantum also attempts to bootstrap allegations relating only to co-defendant Gearbox Software LLC ("Gearbox") to Valve. *See, e.g.*, Dkt. 1, ¶ 7. But Valve is not related to Gearbox and does not exercise control over Gearbox. Schenck Decl., ¶ 14. In 2001, after Gearbox developed two expansions to Valve's popular "Half-Life" video game franchise, Valve entered

into a contractual agreement with Gearbox to do additional video game development work. *Id.*, ¶¶ 15-17. In 2002, Valve terminated that contract. *Id.*, ¶ 18. Since 2002, Valve has not collaborated with Gearbox to develop any products.[3] *Id.*, ¶ 19. More particularly, Valve and Gearbox did not work together to develop the Steam gaming platform that Quantum accuses of infringement. *Id.*, ¶ 20.

### III.   LEGAL STANDARDS

Quantum "bears the burden of establishing proper venue." *AptusTech LLC v. Trimfoot Co., LLC*, No. 4:19-cv-00133-ALM, 2020 WL 1190070, at *1 (E.D. Tex. Mar. 12, 2020) (*quoting In re ZTE (USA), Inc.*, 890 F.3d 1008, 1013 (Fed. Cir. 2018)). Because Valve is incorporated in the United States, 28 U.S.C. § 1400(b) is the "sole and exclusive" provision controlling venue. *TC Heartland LLC v. Kraft Food Grp. Brands LLC*, 581 U.S. 258, 265-66 (2017). Under Section 1400(b), Quantum can only establish venue in a district where a corporate defendant "resides" (i.e., is incorporated) or "where the defendant has committed acts of infringement[4] and has a regular and established place of business." *Id.*

To find that Valve has a regular and established place of business, "(1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be the place of the defendant." *In re Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017). "[V]enue is improper under § 1400(b)" if just one of these three requirements is missing. *Id.*

---

[3] Gearbox is one of thousands of game developers that sell their products on Valve's Steam platform. Schenck Decl., ¶ 22.

[4] "The issue of infringement is not reached on the merits in considering venue requirements." *In re Cordis Corp.*, 769 F.2d 733, 737 (Fed. Cir. 1985) (citation omitted). Accordingly, Valve does not address the sufficiency of the infringement allegations made in Quantum's complaint for the purposes of this Motion. For the avoidance of doubt, however, Valve denies all allegations of patent infringement.

3

To establish that Valve has a "regular and established place of business" in this District, "[r]elevant considerations include whether the defendant owns or leases the place, or exercises other attributes of possession or control over the place." *Id*. at 1363.

## IV. ARGUMENT

Neither party disputes that Valve is incorporated in Washington state, and accordingly, it does not "reside" in Texas. Therefore, to demonstrate that venue is proper, Quantum must show that Valve has a physical place in this District and that the place is a "regular and established place of business." *In re Cray*, 871 F.3d at 1360. Quantum does not plausibly allege facts to meet this burden.

### A. Venue Is Improper in the Eastern District of Texas Because Valve Has No Physical Place in This District

#### 1. Valve Has No Office Space or Real Property in This District

Quantum does not allege that Valve owns or leases any real property or maintains any office space in the Eastern District of Texas. Nor does Quantum allege that Valve operates any stores, warehouses, or fulfillment centers to sell its products. Indeed, it cannot, as Valve does not have any physical presence here, let alone a presence that could be considered "a regular and established place of business." Schenck Decl., ¶¶ 5-6. Accordingly, neither prong of 28 U.S.C. §1400(b) is satisfied, and venue is improper. *In re Cray Inc.*, 871 F.3d at 1360.

#### 2. Valve Has No Employees in This District

Quantum also alleges that venue is proper because five of Valve's alleged employees "reside in the state" of Texas. Dkt. 1, ¶ 7. Yet none of these alleged employees live ***in this District***. On the face of the LinkedIn profiles in the complaint, four alleged employees do not reside in this District: Mitchell Ludolf (Kendalia, TX), Bradon Reinhart (Las Vegas, NV), Helen Pope (San Antonio, TX), and Jenni Jacobi (Austin, TX). Only Timothee Yeramian potentially

had a connection to this District. Yet Mr. Yeramian no longer lives in this District and has not done so since 2022. Ex. 1, ¶ 7. Indeed, Mr. Yeramian now resides in **Washington**. *Id.* Even when he lived in Texas, he did not work for Valve. *Id.*, ¶¶ 6-7.[5] Therefore, any connection he once had to this District a year ago, before working for Valve and well before this suit, does not make venue proper. *Pers. Audio, LLC v. Google, Inc.*, 280 F. Supp. 3d 922, 930 (E.D. Tex. 2017) ("[V]enue under § 1400(b) should be analyzed based on the facts and circumstance that exist on the date suit is filed.").

Because Quantum has not identified any physical place or employees in this District, Quantum cannot meet any of the factors in *In re Cray* and the Court should dismiss this suit.

### B. The Court Should Disregard Quantum's Remaining Irrelevant Venue Allegations

Recognizing that it cannot plausibly allege that Valve has any physical place in this District, Quantum turns to a series of legally irrelevant allegations in an attempt to circumvent the Supreme Court's venue requirements. None of these allegations, individually or collectively, support a finding that venue is proper in this District.

#### 1. Quantum's Reliance on Out-of-District Former Employees and Independent Contractors

None of Quantum's allegations regarding out-of-District alleged employees Mitchell Ludolf, Bradon Reinhart, Helen Pope, and Jenni Jacobi support Quantum's allegations that venue is proper in this District. *In re Cray Inc.*, 871 F.3d at 1360 (holding that a regular and established place of business requires "a physical place ***in the district***" (emphasis added)). While not relevant under *In re Cray*, Quantum nevertheless alleges that these employees "have relevant

---

[5] Moreover, Mr. Yeramian is a technical artist with no connection to the Accused Products or any other aspect of this case.

5

information related to this patent infringement lawsuit." Dkt. 1, ¶7. Quantum does not explain how each employee has allegedly relevant information, and even a cursory review of these four individuals' LinkedIn profiles cited in the complaint belies this unsupported allegation.

**Helen Pope:** Valve has no record of ever employing anyone named Helen Pope. Schenck Decl., ¶ 7. Ms. Pope, however, claims to be a Senior Software Engineer focusing on "augmented reality." *See* https://www.linkedin.com/in/helen-pope-3a17111b0/ (last accessed Dec. 12, 2023). Quantum's infringement contentions have nothing to do with augmented reality. *See* Dkt. Nos. 1-3. Further, Valve has not focused on the development of augmented reality technology since 2013. Schenck Decl., ¶ 12; *see also* Hollister, Sean, "How two Valve engineers walked away with the company's augmented reality glasses," (May 18, 2023), https://www.theverge.com/2013/5/18/4343382/technical-illusions-valve-augmented-reality-glasses-jeri-ellsworth-rick-johnson (last accessed Dec. 12, 2023) ("Augmented reality simply isn't as suitable for the first-person shooters that Valve has built its reputation on.").

**Mitchell Ludolf:** Valve also has no record of ever employing anyone named Mitchell Ludolf. Schenck Decl., ¶ 8. Mr. Ludolf simultaneously claims to be a Valve "Customer Service Representative" and also "Unemployed." *See* https://www.linkedin.com/in/mitchell-ludolf-90b634212/ (last accessed Dec. 12, 2023). Quantum does not explain how someone with such a general title has relevant information to this case.

**Brandon Reinhart:** Brandon Reinhart is a former Valve employee turned independent contractor whose contract with Valve has ended. Schenck Decl., ¶ 9. Mr. Reinhart claims to be a general "developer" online. *See* https://www.linkedin.com/in/brandon-reinhart-a26ab8260/ (last accessed Dec. 12, 2023). Quantum does not make any connection between Mr. Reinhart's status

as a game developer and its infringement allegations, nor is there any as Quantum's allegations do not revolve around any video game.

**Jenni Jacobi:** Jenni Jacobi is also an independent contractor hired through a third-party. Schenck Decl., ¶ 10. Ms. Jacobi is a "Producer" in "Business Operations." *See* https://www.linkedin.com/in/jennyjacobi/ (last accessed Dec. 12, 2023). Ms. Jacobi works in the business and corporate side as a contractor; nothing about her public LinkedIn profile (or actual work responsibilities, Schenck Decl., ¶ 10) supports Quantum's unfounded allegation that she has any relevance to this case.

### 2. Valve's Decades-Old Collaboration with Gearbox

Quantum uses Gearbox in a transparent attempt to manufacture venue against Valve by imputing Gearbox's contacts with this District to Valve. Quantum does not accuse Gearbox of infringing its patents, and the charts of accused products that Quantum attaches to its complaint do not contain a single reference to Gearbox. *See* Dkt. No. 1-3. The only reason Quantum dragged Gearbox into this suit is because Gearbox's headquarters are in this District. Moreover, Quantum's long-shot attempt to allege venue over Valve is based only on the allegation that the companies completed a single joint project 20 years ago. This is legally insufficient to find venue over Valve in this District. *See In re Cray Inc.*, 871 F.3d at 1360.

From 2001 to 2002, Gearbox and Valve collaborated to create video game content. Schenck Decl., ¶¶ 17-18. Since the project ended in 2002, Valve and Gearbox have had no further collaboration on the creation of any product. *Id.*, ¶ 19. Specifically, Valve and Gearbox have not collaborated on any product that Quantum accuses of infringement. Nor does Quantum allege as much.

Valve and Gearbox are separate entities that do not share any common ownership, employees, or office space. *Id.*, ¶ 21. Valve does not have any control or authority over the

actions of Gearbox. *Id.*, ¶ 14. For such reasons, the presence of Gearbox in this District cannot be used to support venue over Valve. *See, e.g.*, *Unity Opto Tech. Co. v. Lowe's Home Centers, LLC*, No. 18-cv-27-JDP, 2018 WL 2087250, at *3 (W.D. Wis. May 4, 2018) ("Because there is no authority for the view that venue is proper as to one corporation simply because that corporation 'works closely' with another corporation that may be sued in that district, [Plaintiff] has failed to meet its burden to show that venue is proper in this district.").

The *Unity* case is instructive as to why Quantum's bare-bones allegations cannot support venue. In *Unity*, the plaintiff alleged that the presence of brick-and-mortar stores owned and operated by defendant Lowe's Home Goods was sufficient to find venue over co-defendant L G Sourcing, which sourced and supplied the products sold in the stores. *Id*. at *2. Plaintiff also included in its complaint allegations that: (1) the defendants are related companies and have the same corporate parent; (2) that "Lowe's Home Stores 'must work closely with [L G] Sourcing to monitor supply chain . . . and address product quality issues so that its warehouse inventory is continuously stocked;'" and (3) that "L G Sourcing 'inspect[s] and test[s] products manufactured by global vendors before approving them for shipment to Lowe's Home stores in the United States,' using standards from Lowe's Home Centers." *Id*. (alterations in original).

The *Unity* court found that these allegations—which allege a much closer relationship than the one alleged to exist between Gearbox and Valve—were insufficient to confer venue over L G Sourcing. The court explained that the two defendants being "subsidiaries of the same parent company and that they collaborate on matters common to both of them" was "not sufficient to treat [them] as interchangeable for the purpose of determining whether each has a place of business in this district." *Id*.

Quantum's allegations are much more lacking here than in *Unity*. Quantum alleges in a single sentence that Gearbox and Valve collaborated "for years starting with Half-Life and Counter-Strike video game offerings, that have continuations of these popular offerings through the present day." Dkt. 1, ¶ 7. Mere collaboration is insufficient to treat Gearbox and Valve as interchangeable for the purpose of determining whether Valve has a place of business in this District.[6]

### 3. Valve's Texas Taxpayer Number Is Irrelevant to the Venue Analysis

The fact that Valve has a Texas Franchise Tax Account shows only that Valve conducts business in Texas, not that venue is proper in this District. "The Texas franchise tax is a privilege tax imposed on each taxable entity formed or organized in Texas *or doing business in Texas*." COMPTROLLER.TEXAS.GOV, *Franchise Tax*, https://comptroller.texas.gov/taxes/franchise/ (last visited November 2, 2023) (emphasis added). Every company that does any business in Texas is required by the state to have a Franchise Tax Account and a Texas Taxpayer Number. The fact that Valve complies with Texas state regulations does not confer venue in the Eastern District of Texas. Indeed, under the Supreme Court's ruling in *TC Heartland*, merely conducting business in the state, without more, is insufficient to demonstrate that venue is proper in this District.

### 4. Neither Valve's Intervention in a 2013 Lawsuit Nor Its Consent to Venue in a 2015 Lawsuit Confer Venue in 2023

Valve's strategic approach to venue in two unrelated Texas cases filed more than 8 years ago does not now mean that venue is forever properly found in this District.

In a case Uniloc filed in 2013, Uniloc alleged that Valve's customer (Activision) infringed its patents through sales of products on Valve's Steam platform. *Uniloc v. Activision*

---

[6] Quantum's argument is analogous to requesting that the Court treat the Dallas Cowboys and the Houston Texans as one entity, solely on the basis that the two teams collaborated on a community engagement project decades ago.

9

*Blizzard, Inc.*, No. 6:13-cv-00256-LED, Dkt. 1, ¶ 12(c) (E.D. Tex. Mar. 21, 2013). As Quantum recognizes in its complaint, when Valve intervened in the 2013 *Uniloc* case to defend its products, Valve specifically stated: "Valve *for the purposes of this litigation only*, consents to venue in this district." *Id.* at Dkt. 154-1 (emphasis added).

Similarly, Valve stated in response to a 2015 lawsuit brought by a different Rothschild-controlled entity, Display Technologies, that "Valve does not dispute, *for the purposes of this action only*, that venue is proper in this judicial district. *Display Technologies, LLC v. Nvida Corp.*, No. 2:15-cv-00998-JRG-RSP, Dkt. 41, ¶ 4 (E.D. Tex. Oct. 28, 2015) (emphasis added).

Nothing about these cases support this District exercising venue over Valve.

Valve's intervention in 2013 is irrelevant to the question of whether venue is proper as to Valve in this case. *See Toshiba Int'l Corp. v. Fritz*, 993 F. Supp. 571, 573 (S.D. Tex. 1998) ("[A]s Fritz points out in his Reply, the Fifth Circuit has held that 'the filing of a counterclaim, cross-claim, or third-party demand does not operate as a waiver of an objection to jurisdiction.'"). Taken to its conclusion, Quantum's allegations amount to arguing that to defend its products against an infringement suit in which it was not named as a defendant, Valve must make the choice to forever waive its challenges to venue in this District. That is simply not the law. *See, e.g.*, *V&A Collection, LLC v. Guzzini Props. Ltd.*, 46 F.4th 127, 132 (2d Cir. 2022) ("With a few exceptions, however, '[a] party's consent to jurisdiction in one case [ ] extends to that case alone. It in no way opens that party up to other lawsuits in the same jurisdiction in which consent was given, where the party does not consent and no other jurisdictional basis is available.'" (alteration in original) (quotation omitted)). Valve's 2013 consent to venue is irrelevant to the question of whether venue is proper in this case.

As with Valve's intervention in the 2013 case, its consent to venue in the 2015 *Display Technologies* case is also insufficient to confer venue now. As discussed above, Valve's consent for the purposes of that case only does not serve to make it forever amenable to venue in this District. *See V&A Collection*, 46 F.4th at 132.

Further, venue law in 2013 and 2015 was very different than the law that the Court must now apply in the wake of the Supreme Court's decision in *TC Heartland*. *See, e.g.*, *In re Micron Tech., Inc.*, 875 F.3d 1091, 1096, 1099 (Fed. Cir. 2017) ("[Defendant's] venue objection was not available until the Supreme Court decided *TC Heartland* because, before then, it would have been improper, given controlling precedent, for the district court to dismiss . . ."). Valve's decision not to challenge venue in 2015 cannot be used as a waiver of the present challenge to venue. *See C.R. Bard, Inc. v. AngioDynamics, Inc.*, No. 2:12-cv-00035-RJS-DAO, 2020 WL 6710423, at *4 (D. Utah Nov. 16, 2020) ("As previously explained, a venue objection based on [defendant's] circumstances pre-*TC Heartland* was not available when the case was filed, and it is well established that a defendant is not required to engage in futile gestures solely to avoid a claim of waiver."). Since the Supreme's Court decision in *TC Heartland*, Valve has not been sued for patent infringement in this District. Neither Valve's decision in 2013 nor its decision in 2015 not to challenge venue is relevant to the question of whether venue is proper in this case under controlling precedent.

### 5. Valve's Sale of Gift Cards in This District Is Irrelevant to the Venue Analysis

Simply alleging that Valve sells products in this District is insufficient to prove proper venue over Valve. *See supra* § IV.B.2. In its complaint, Quantum alleges "Valve sells its Gift Cards in this District through prominent brick and mortar retailers including Best Buy, GameStop and Walmart." Dkt. 1, ¶ 7.

11

This Court has already rejected the sufficiency of allegations such as these. In *Alexsam*, the plaintiff also argued that the Eastern District of Texas was a proper venue for its suit against AMEX because AMEX sold "prepaid, reloadable gift cards" here through vendors such as "Dollar General, CVS, Family Dollar, and Walmart." *Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*, No. 2:19-CV-00331-JRG, 2021 WL 8441707, at *2 (E.D. Tex. Sept. 3, 2021). Like Quantum, the plaintiff in *Alexsam* did not include any allegations about the control AMEX had over the vendors or the process of selling its products. *Id*. As this Court explained, "[t]aking Alexsam's argument to its logical end, retailers like CVS would be the 'regular and established place of business' of numerous brands who merely sell products in CVS's retail locations. That is not consistent with current venue law in patent cases." *Id*. (*citing In re Google*, 949 F.3d at 1338, 1345 (Fed. Cir. 2020)).

Moreover, in *Alexsam*, the gift cards were actually alleged to be an infringing product in the case. In contrast, Quantum does not argue that the sale of Valve's gift cards infringes any claims of the asserted patent. This Court's case law makes clear that the sale of a single unaccused product through a general consumer goods retail store is insufficient to support a finding that venue is proper in this District.

### C. The Court Should Dismiss the Case

Because this District is an improper venue for Quantum's case against Valve, the Court should simply dismiss the case. *See Uniloc USA, Inc. v. Nutanix, Inc.*, No. 2:17-CV-00174-JRG, 2017 WL 11527109, at *4-5 (E.D. Tex. Dec. 6, 2017).[7] Quantum has a proper forum for obtaining any alleged relief against Valve: Western District of Washington. Indeed,

---

[7] *See also Koss Corp. v. Skullcandy, Inc.*, No. 6:20-cv-00664-ADA, 2021 WL 1226775, at *2-4 (W.D. Tex. Mar. 31, 2021); *Akurate Dynamics, LLC v. Carlisle Luid Tech., Inc.*, No. 6:20-cv-00606-ADA, 2021 WL 860006, at *2 (W.D. Tex. Mar. 8, 2021); *Optic153 LLC v. ThorLabs, Inc.*, No. 6:19-cv-0067-ADA, 2020 WL 3403076, at *3-4 (W.D. Tex. Jun. 19, 2020).

Rothschild—including through one of the same corporate entities that filed suit against Valve in this district—has previously sued Valve in the Western District of Washington. *See, e.g.*, *Display Techs. LLC v. Valve Corp.*, No. 2:22-cv-01365 (W.D. Wash.); *Social Positioning Input Sys., LLC v. Valve Corp.*, 2:22-cv-01366 (W.D. Wash.). Quantum can simply refile its case there.

## V.      CONCLUSION

The dispute between Valve, Leigh Rothschild, and Mr. Rothschild's web of shell companies is currently being litigated in the Western District of Washington. That is the proper venue for this case as well. Valve has no connection to this District, and Quantum knows it. Quantum's facially deficient complaint is nothing more than a tactical decision designed to make Valve expend the resources to litigate on two fronts. Under the law, venue is improper in this District. Accordingly, Valve respectfully requests the Court dismiss this case under Rule 12(b)(3) for improper venue over Valve.

Dated: December 13, 2023    Respectfully submitted,

/s/ Michael E. Jones
Michael E. Jones
SBN: 10929400
Shaun W. Hassett
SBN: 24074372
Potter Minton, PC
102 North College, Ste. 900
Tyler, Texas 75702
903-597-8311 (telephone)
mikejones@potterminton.com
shaunhassett@potterminton.com

Kathleen R. Geyer
Christopher P. Damitio
Kilpatrick Townsend & Stockton
1420 Fifth Avenue Suite 3700
Seattle, WA 98101
Telephone: (206) 467-9600
Facsimile: (206) 623-6793
KGeyer@kilpatricktownsend.com
CDamitio@kilpatricktownsend.com

*Attorneys for Defendant*
*Valve Corp.*

14