FUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| **QUANTUM TECHNOLOGY INNOVATIONS, LLC,**<br><br>　　　　**Plaintiff,**<br><br>　v.<br><br>**VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C.,**<br><br>　　　　**Defendant.** | Civil Action No. 2:23-cv-00425-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

**MOTION OF DEFENDANT GEARBOX SOFTWARE, L.L.C. TO DISMISS UNDER RULE 12(B)(6) FOR FAILURE TO STATE A CLAIM AND <u>RULE 12(B)(5) FOR INSUFFICIENT SERVICE OF PROCESS</u>**

**TABLE OF CONTENTS**

Page

I. INTRODUCTION ..................................................................................................1

II. STATEMENT OF ISSUES TO BE DECIDED BY THE COURT .......................1

III. FACTUAL BACKGROUND .................................................................................2

    A. Quantum's Complaint Attempts to Conflate Gearbox and Valve as a Single "Defendant" in an Attempt to Establish Venue Over Valve ........2

    B. The Only Asserted Infringement Allegations Are Directed to Valve and the Technology Used By Valve's Steam App ............................3

    C. The "Willful Infringement" Allegations in the Complaint Are Not Directed to Gearbox ..................................................................................4

    D. Quantum Has Not Properly Served Gearbox in this Action ....................4

IV. QUANTUM'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM ........................................5

    A. Quantum's Complaint Fails to Plausibly Plead Direct Infringement by Gearbox ..................................................................................................5

    B. Quantum's Complaint Fails to Plausibly State a Claim of Indirect Infringement Against Gearbox ......................................................................7

    C. Quantum's Complaint Fails to State a Claim of Willful Infringement by Gearbox ..................................................................................................8

V. QUANTUM'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(5) FOR INSUFFICIENT SERVICE OF PROCESS .........................9

VI. CONCLUSION ......................................................................................................11

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*AiAdvertising, Inc. v. Italeau, Inc.*,
  No. SA-23-CV-01227-JKP, 2023 WL 8813564 (W.D. Tex. Dec. 20, 2023)..........................10

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009).........................................................................................................5

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007).....................................................................................................1, 5

*Callier v. Nat'l United Grp., LLC*,
  No. EP-21-CV-71-DB, 2022 WL 4088205 (W.D. Tex. Sept. 6, 2022)....................................6

*Cobarobio v. Midland Cnty.*,
  No. MO:13-CV-00111-RAJ, 2015 WL 13608102 (W.D. Tex. Jan. 7, 2015),
  *aff'd*, 695 F. App'x 88 (5th Cir. 2017)..................................................................................6

*Coleman v. Carrington Mortg. Servs., LLC*,
  No. 4:19-CV-02310ALM-CAN, 2019 WL 7195392 (E.D. Tex. Dec. 3, 2019).......................10

*Dobbins v. Kroger Co.*,
  No. 3:08-CV-01206, 2009 WL 2776665 (N.D. Tex. Aug. 31, 2009)....................................10

*Doe v. Yackulic*,
  No. 4:18-CV-084-ALM-CAN, 2019 WL 1301998 (E.D. Tex. Feb. 19, 2019).....................6, 9

*Fractus, S.A. v. TCL Corp.*,
  No. 2:20-CV-00097-JRG, 2021 WL 2483155 (E.D. Tex. June 2, 2021) .................................9

*Halo Elecs., Inc. v. Pulse Elecs., Inc.*,
  136 S. Ct. 1923 (2016).....................................................................................................9

*In re Bill of Lading Transmission & Processing Sys. Pat. Litig.*,
  681 F.3d 1323 (Fed. Cir. 2012).........................................................................................7

*Kreimerman v. Casa Veerkamp, S.A. de C.V.*,
  22 F.3d 634 (5th Cir. 1994) .............................................................................................9

*Lahman v. Nationwide Provider Sols.*,
  No. 4:17-CV-00305, 2018 WL 3035916 (E.D. Tex. June 19, 2018).......................................9

*Martinez v. City of N. Richland Hills*,
  846 F. App'x 238 (5th Cir. 2021) .....................................................................................5

# TABLE OF AUTHORITIES
## (Continued)

**Page(s)**

*Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*,
   No. 4:19-CV-876-SDJ, 2020 WL 6781566 (E.D. Tex. Nov. 17, 2020) ....................................7

*Styles v. McDonalds Rest.*,
   No. 4:17-CV-791-ALM CAN, 2019 WL 2266636 (E.D. Tex. Jan. 28, 2019) ........................10

*Symbology Innovations, LLC v. Valve Corporation, Gearbox Software, L.L.C.*,
   No. 2:23-CV-00419 (E.D. Tex.) .......................................................................................3, 11

*Tierra Intelectual. Borinquen, Inc., v. ASUS Comput. Inc.*,
   No. 2:13-CV-38-JRG, 2014 WL 894805 (E.D. Tex. Mar. 4, 2014) .........................................8

**STATUTES AND RULES**

35 U.S.C. § 284 ....................................................................................................................................4

Fed. R. Civ. P. 4(h) ...........................................................................................................................10

Fed. R. Civ. P. 8(a) .............................................................................................................................5

Fed. R. Civ. P. 12(b) .............................................................................................................1, 5, 9, 11

**I.      INTRODUCTION**

Defendant Gearbox Software, L.L.C. ("Gearbox") moves to dismiss the claims of Plaintiff Quantum Technology Innovations, L.L.C. ("Quantum") against Gearbox pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim under the *Twombly/Iqbal* standard and pursuant to Federal Rule of Civil Procedure 12(b)(5) for insufficient service of process.

The Complaint does not allege infringement by any Gearbox products, let alone articulate any plausible theories of infringement.  Instead, the *only* allegations of infringement are directed to the other defendant in the case, Valve Corporation ("Valve"), which is a wholly separate entity from Gearbox.  Quantum included Gearbox in this case solely in an attempt to manufacture venue as to Valve,[1] confirmed by the fact that Quantum's Complaint, and the chart attached thereto, ***lack any infringement allegations directed to Gearbox or Gearbox's products***.  Quantum's attempt to conflate the two defendants, and to attribute the allegedly infringing acts of one defendant (Valve) to another defendant (Gearbox), is improper.  The Complaint thus fails to state claims of infringement and willfulness as to Gearbox.  Quantum also failed to properly serve the Complaint and summons on Gearbox.  Accordingly, Gearbox respectfully requests that the claims against Gearbox be dismissed.

**II.     STATEMENT OF ISSUES TO BE DECIDED BY THE COURT**

The issues to be decided are (1) whether Quantum's Complaint adequately states a claim for relief, under the *Twombly* standard, as to Gearbox, and (2) whether Quantum sufficiently served the complaint and summons on Gearbox.  More specifically, with respect to issue (1), the Court is

---

[1] Valve has filed a Motion to Dismiss for Improper Venue.  (Dkt. 8 at 7–9.)  In its motion, Valve explained that Quantum is merely using "Gearbox in a transparent attempt to manufacture venue against Valve" given that "Quantum does not accuse Gearbox of infringing its patents, and the chart[] of accused products that Quantum attaches to its complaint do not contain a single reference to Gearbox" (*id.* at 7), and that "Valve has not collaborated with Gearbox to develop any products" since 2002, (*id.* at 3).

being asked to decide whether the Complaint adequately states claims of direct infringement, indirect infringement, and willful infringement by Gearbox. With respect to issue (2), the Court is being asked to decide whether service on an individual working with a third-party vendor—who is not an officer, manager, member, or general agent of Gearbox, or otherwise authorized to be served on behalf of Gearbox—constitutes adequate service.

## III. FACTUAL BACKGROUND

Plaintiff Quantum asserts one patent which it purports to own via assignment: U.S. Patent No. 7,650,376 ("the patent-in-suit"). (*See* Dkt. 1 ("Complaint") at 1.) The sole named inventor of the patent-in-suit is Trevor I. Blumenau. (*Id.*, Ex. A.) According to the Complaint, the patent-in-suit is directed to the "distribution of media content via a decentralized computer network." (*Id.* ¶ 10.)

### A. Quantum's Complaint Attempts to Conflate Gearbox and Valve as a Single "Defendant" in an Attempt to Establish Venue Over Valve

Quantum's Complaint names two defendants—Valve and Gearbox. (Complaint ¶¶ 2–3.) Although Valve and Gearbox are wholly different entities, the Complaint almost exclusively refers to Valve and Gearbox collectively as "Defendant."[2] (*See id.* ¶ 3.) However, the Complaint does not allege, or provide any facts supporting, any assertion that Valve and Gearbox are a single entity, because they are not. The Complaint merely states that the two entities have previously collaborated on two video games, Half-Life and Counter-Strike, which launched in 2002 and 2004, respectively. (*See id.* ¶ 7 at Fig. 6.) The two video games on which Valve and Gearbox collaborated nearly two decades ago are not accused products. (*See id.*, Ex. B.)

---

[2] Quantum's Complaint references Gearbox individually a few times, but only in reference to Gearbox's place of business and the collaboration between Gearbox and Valve regarding the two video games, Counter-Strike and Half-Life, released more than 20 years ago in 2002 and 2004, respectively. (*See* Complaint ¶ 3 (identifying Gearbox's principal place of business); *id.* ¶ 7 at Fig. 6 (discussing prior collaboration between Valve and Gearbox).)

2

The Complaint conflates Gearbox and Valve in an attempt to manufacture venue over Valve. (*See* Dkt. 8 (Valve's Motion to Dismiss for Improper Venue).) Specifically, the Complaint alleges that venue is proper because, "[a]s noted above, Defendant maintains a regular and established business presence in this District." (Complaint ¶ 8.) The only allegation in the Complaint regarding a place of business in this District is a place of business of Gearbox. (*See id.*, ¶¶ 2–3.) In other words, the Complaint alleges that Gearbox has a "regular and established business presence in this District" (*id.*, ¶ 8), and attempts to attribute such presence to Valve by conflating Gearbox and Valve as a single "Defendant" (*id.*, ¶ 3).

### B. The Only Asserted Infringement Allegations Are Directed to Valve and the Technology Used By Valve's Steam App

Quantum's Complaint alleges generally that "Defendant" has infringed by "making and using the system," including "at least to the extent Defendant provides and/or supplies software running on a user's computer, the direct infringement of users that occurs in connection with Defendant's applications and/or web services." (Complaint ¶ 120.)

While the Complaint does not specify the "Defendant" that allegedly infringes, the claim chart attached to the Complaint makes clear that the "Defendant" is Valve Corporation. (*See id.*, Ex. B at 1 (chart entitled "Infringement Claim Chart for U.S. Pat. No. 7,650,376 V. ***Valve Corporation ('Defendant')***" (emphasis added).)) Further, while the Complaint does not identify the accused instrumentalities, the claim chart attached to the Complaint makes clear that the system being referenced is ***Valve's*** Steam Application. (*See id.*, Ex. B, at 1 ("***Defendant (Valve Corporation)*** provides an app i.e., the media encoded with a computer program (Steam app), and includes instructions for effecting the provision of content (i.e., Games) over a network (i.e., internet)" (emphasis added)); *see also* Dkt. 8 at 3 (Valve confirming that "Valve and Gearbox did not work together to develop the Steam gaming platform that Quantum accuses of infringement").)

3

The claim chart does not identify or chart any Gearbox products or services. (*See generally*, Complaint, Ex. B; *see also* Dkt. 8 at 7 (Valve's motion explaining that "Quantum does not accuse Gearbox of infringing its patent, and the chart[] of accused products that Quantum attaches to its complaint do not contain a single reference to Gearbox").)

### C. The "Willful Infringement" Allegations in the Complaint Are Not Directed to Gearbox

The Complaint also alleges willful infringement regarding a "Defendant," but again does not contain any allegations specific to Gearbox. (Complaint ¶¶ 121–123.) The entirety of the Complaint's language relevant to willful infringement is pasted below:

> 121. Plaintiff has had **numerous communications** with **Defendant** explaining his infringement of the patents-in-suit.
>
> 122. **Defendant** acknowledged the Plaintiff's patents, had knowledge of these Patents-in-Suit and knowingly continued to infringe Plaintiff's patents without a license.
>
> 123. Plaintiff is seeking exemplary damages due to Defendant's willful infringement, pursuant to 35 U.S.C. § 284, based on its pre-suit and post filing of a complaint conduct. The Supreme Court has eliminated the objective-recklessness standard and instead, decided that "the subjective willfulness of a patent infringer, intentional or knowing, may warrant enhanced damages, without regard to whether his infringement was objectively reckless."

(*Id.* (emphases added) (citations omitted).)

The Complaint fails to identify any of the "numerous communications" alleged, let alone identify the "Defendant" with which Quantum allegedly had communications. (*See generally, id.*) The Complaint, unsurprisingly, never identifies any alleged communication with Gearbox, since no such pre-complaint communications occurred.

### D. Quantum Has Not Properly Served Gearbox in this Action

On December 1, 2023, Quantum attempted to effect service on Gearbox, and specifically Nathan B. Mallory of Gearbox, by leaving a copy of the Complaint and the summons with a person "Brian Crindle (sic)." (Dkt. 10 at 2.) Brian Krenkel is the front desk security guard for the building

4

in which Gearbox's office is located. (Declaration of Nathan B. Mallory ("Mallory Decl.") ¶ 2.) Mr. Krenkel is not an employee of Gearbox, nor is he an officer, manager, member or general agent of Gearbox or otherwise authorized to be served on behalf of Gearbox. (Mallory Decl., ¶ 3-4.)

## IV.   QUANTUM'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(6) FOR FAILURE TO STATE A CLAIM

Federal Rule of Civil Procedure 8(a) requires that a complaint contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). A defendant may move to dismiss a complaint for failing to state a claim upon which relief can be granted under Rule 12(b)(6). A complaint must "contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim lacks facial plausibility unless the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 556 U.S. at 678.

### A.   Quantum's Complaint Fails to Plausibly Plead Direct Infringement by Gearbox

Because the Complaint fails to identify even a single alleged act of infringement specifically by Gearbox and provides no factual assertions linking Gearbox to any accused product, Quantum has failed to raise a plausible inference of liability against Gearbox, and the claims of infringement against Gearbox must be dismissed.

Highly generalized assertions that merely lump together multiple defendants, and that do not identify the specific actions of an individual defendant that allegedly render that defendant liable, are insufficient to state a claim. *Martinez v. City of N. Richland Hills*, 846 F. App'x 238, 244 (5th Cir. 2021) (affirming dismissal of claims that "refer[red] to the Individual Defendants collectively and without specific distinction as to individual knowledge possessed, and the action

and/or inaction committed by each"); *Doe v. Yackulic*, No. 4:18-CV-084-ALM-CAN, 2019 WL 1301998, at *13 (E.D. Tex. Feb. 19, 2019), report and recommendation adopted, No. 4:18-CV-84, 2019 WL 1299364 (E.D. Tex. Mar. 21, 2019) (dismissing claims which "largely fail[ed] to assert any individualized conduct" and "lump[ed] numerous [d]efendants together"); *see also Callier v. Nat'l United Grp., LLC*, No. EP-21-CV-71-DB, 2022 WL 4088205, at *4 (W.D. Tex. Sept. 6, 2022) ("Allegations like these which lump all defendants together, without identifying specific actions of individual defendants, will not suffice to raise a plausible inference of liability against any individual defendant.") (citing *Cobarobio v. Midland Cnty.*, No. MO:13-CV-00111-RAJ, 2015 WL 13608102, at *9 (W.D. Tex. Jan. 7, 2015), *aff'd*, 695 F. App'x 88 (5th Cir. 2017) (stating that a complaint that "routinely lumps all Defendants together without identifying actions of any individual Defendant" and makes "global assertions of fault" does not set out the specific factual allegations needed)).

Here, Quantum's Complaint merely attempts to lump together Gearbox with Valve, without pleading facts to support a claim of infringement specific to Gearbox. Neither the Complaint nor the claim chart attached to the Complaint identifies any allegedly infringing products or services of Gearbox. (*See generally*, Complaint.) Instead, the Complaint merely recites vague allegations of infringement by an unspecified "Defendant." (*See, e.g., id.*, ¶ 120 ("Defendant has directly infringed, and continues to directly infringe" the patent-in-suit).) As evident from the claim chart attached to the Complaint, the "Defendant" referenced in such vague allegations is Valve, not Gearbox. (Complaint, Ex. B (alleging infringement by Valve's Steam application).) In other words, Quantum merely makes allegations directed to the infringing acts by Valve, then attempts to lump Gearbox and Valve together—without identifying any conduct specific to Gearbox. Such vague, global assertions of fault are insufficient to state a claim as to Gearbox. *Cobarobio*, 2015 WL 13608102, at *9.

Further, Quantum's attempt to associate Gearbox with Valve, by stating that the two defendants previously collaborated on two games nearly two decades ago (*see* Complaint ¶ 7), is insufficient to state a claim of infringement. Neither game identified as being subject of Gearbox's and Valve's long-ago collaboration is at issue in this litigation, and this is confirmed by Quantum's own claim chart, which does not contain a single reference to Gearbox or either of those games.[3] (*Id.*; *see generally id.*, Ex. B.) Nor does the Complaint plead any facts supporting any allegation that Gearbox somehow allegedly infringes through Valve's product. (*See generally, id.*) Indeed, nothing in the Complaint suggests that Gearbox makes, uses, offers to sell, or sells the accused Valve product. (*See id.*) Because Gearbox and Valve's prior collaboration is entirely unrelated to this lawsuit, and because Quantum does not plausibly allege that Gearbox infringes through *another company*'s product, the Complaint does not sufficiently allege direct infringement by Gearbox.

### B. Quantum's Complaint Fails to Plausibly State a Claim of Indirect Infringement Against Gearbox

Quantum's Complaint also fails to make any adequate allegation of indirect infringement. To adequately plead a claim of indirect infringement, a plaintiff must plausibly plead an underlying act of direct infringement. *Qwikcash, LLC v. Blackhawk Network Holdings, Inc.*, No. 4:19-CV-876-SDJ, 2020 WL 6781566, at *5 (E.D. Tex. Nov. 17, 2020) (citing *In re Bill of Lading*

---

[3] The claim chart attached to the Complaint features various screenshots of Valve's Steam application and reference various video games available for purchase on the Steam application. These games include a number of those from the "Counter-Strike" game franchise, including Counter-Strike: Global Offensive, Counter-Strike, Counter-Strike: Source. (*See, e.g.,* Complaint Ex. B, at 6.) There are many different games within the Counter-Strike franchise and Gearbox's previous collaboration with Valve did not involve any of those featured in the Complaint, which is confirmed by Quantum's own complaint. (*See* Complaint ¶ 7 at Fig. 6 (A screenshot of Valve's website listing "Counter-Strike: Condition Zero" as the only Counter-Strike game attributable to Gearbox); *see also* Complaint Ex. B at 7, 8, 11 (A screenshot of the Steam Application identifying the developer and publisher for the Counter-Strike: Global Offensive game as Valve and Hidden Path Entertainment, with no reference to Gearbox).)

*Transmission & Processing Sys. Pat. Litig.*, 681 F.3d 1323, 1334 (Fed. Cir. 2012) ("Where a plaintiff has not adequately pleaded an underlying act of direct infringement, theories of indirect infringement must be dismissed."). Here, as discussed above, Quantum does not allege anywhere in its pleadings that *any* Gearbox technology infringes the patent-in-suit. Quantum's Complaint therefore fails to state a claim of indirect infringement.

Moreover, Quantum fails to allege the additional requirements for induced infringement. Specifically, the Complaint fails to allege that Gearbox had specific intent to encourage any third party's alleged infringement. To sufficiently plead specific intent, a complaint must allege an "affirmative step" taken by the defendant "to bring about the desired result" of inducing infringement. *Tierra Intelectual. Borinquen, Inc., v. ASUS Comput. Inc.*, No. 2:13-CV-38-JRG, 2014 WL 894805, at *5-6 (E.D. Tex. Mar. 4, 2014) ("the law requires evidence of affirmative steps . . . because such an evidentiary hurdle ensures the availability of useful products and protects neutral market participants who are indifferent to the possibility of infringement."). Here, the Complaint is silent as to any Gearbox actions that could be construed as an "affirmative act" inducing infringement or that support an inference that Gearbox had the requisite "specific intent" to induce infringement. *See id.* Because the Complaint does not allege that Gearbox has taken any affirmative steps to encourage the use of another company's product, Quantum has not adequately pleaded any claim of induced infringement, and such claims against Gearbox should be dismissed on this basis.

### C. Quantum's Complaint Fails to State a Claim of Willful Infringement by Gearbox

Finally, Quantum's willful infringement claim should be dismissed, as Quantum does not plausibly state a claim of willful infringement against Gearbox. "Willfulness is a matter of culpability and state of mind, and the degree of culpability required has been described as 'willful,

8

wanton, malicious, bad-faith, deliberate, consciously wrongful, flagrant, or … characteristic of a pirate.'" *Fractus, S.A. v. TCL Corp.*, No. 2:20-CV-00097-JRG, 2021 WL 2483155, at *4 (E.D. Tex. June 2, 2021) (quoting *Halo Elecs., Inc. v. Pulse Elecs., Inc.*, 136 S. Ct. 1923, 1932 (2016). In order to sufficiently state a claim of willful infringement, the complaint must allege both knowledge of the patent-in-suit and some factual allegations supporting an inference of culpable conduct. *See id.* (finding failure to state a claim of willful infringement where the complaint only alleged notice of the asserted patents and not any culpable conduct).

Here, Quantum's Complaint does not (and cannot) allege that Gearbox had knowledge of the patent-in-suit or knowledge of any allegation of infringement. Instead, the Complaint merely alleges that Quantum had communications with an unspecified "Defendant." (Complaint ¶ 121.) Such language attempting to lump Valve and Gearbox together, and attribute any "communications" Quantum allegedly had with Valve to Gearbox, again fails to state a plausible claim as to Gearbox. Accordingly, the claims of willful infringement against Gearbox should be dismissed. *Doe*, 2019 WL 1301998, at *13.

## V. QUANTUM'S COMPLAINT SHOULD BE DISMISSED PURSUANT TO FRCP 12(B)(5) FOR INSUFFICIENT SERVICE OF PROCESS

District courts have "broad discretion to dismiss an action for ineffective service of process" under Fed. R. Civ. P. 12(b)(5).[4] *Lahman v. Nationwide Provider Sols.*, No. 4:17-CV-00305, 2018 WL 3035916, at *5 (E.D. Tex. June 19, 2018) (quoting *Kreimerman v. Casa Veerkamp, S.A. de C.V.*, 22 F.3d 634, 645 (5th Cir. 1994)). Under the Federal Rules, service of process upon a corporation "may be effectuated either by (1) following state law for serving a summons in an action as provided under 4(e)(1); or (2) by delivering a copy of the summons and

---

[4] The proof of service filed with the Court indicates service of "First Amended Complaint." (Dkt. 10.) However, this is an error, as the complaint at issue in this case has not been amended.

complaint to an officer, managing or general agent, or other agent authorized to receive service of process." *Styles v. McDonalds Rest.*, No. 4:17-CV-791-ALM CAN, 2019 WL 2266636, at *4 (E.D. Tex. Jan. 28, 2019), report and recommendation adopted, No. 4:17-CV-791, 2019 WL 1219117 (E.D. Tex. Mar. 15, 2019) (citing Fed. R. Civ. P. 4(h)). Texas law permits service of process on a limited liability corporation's ("LLC") registered agent, manager, or any member of the LLC. Tex. Bus. Orgs. §§ 5.201, 5.255(3). Courts in this district have consistently found that receptionists, third parties, and other similarly situated individuals are not authorized to accept service on behalf of an LLC. *Coleman v. Carrington Mortg. Servs., LLC*, No. 4:19-CV-02310ALM-CAN, 2019 WL 7195392, at *1, 5 (E.D. Tex. Dec. 3, 2019), report and recommendation adopted, No. 4:19-CV-231, 2019 WL 7193770 (E.D. Tex. Dec. 26, 2019) (finding that an employee of a third-party vendor that delivered mail to defendant was not authorized to sign for service on behalf of defendant LLC); *AiAdvertising, Inc. v. Italeau, Inc.*, No. SA-23-CV-01227-JKP, 2023 WL 8813564, at *1 (W.D. Tex. Dec. 20, 2023) (finding service on the defendant's office manager was not effective); *Dobbins v. Kroger Co.*, No. 3:08-CV-01206, 2009 WL 2776665, at *1 (N.D. Tex. Aug. 31, 2009) (finding that the front desk receptionist of defendant was not authorized to accept service on behalf of defendant company).

Here, Quantum failed to effect proper service on Gearbox. As Quantum's own Return of Service indicates, Quantum intended to direct the summons and complaint to "Gearbox Software, L.L.C. *c/o Nathan B. Mallory*." (Dkt. 10 at 1.) However, the summons and complaint were not provided to Nathan B. Mallory. Instead, as the Return of Service indicates, the process server merely *attempted* to "deliver[] [the summons and complaint] to Nathan B. Mallory **by delivering to Brian Crindle**, Person in Charge." (*Id.* at 2 (emphasis added).) But Brian Krenkel is not affiliated with Gearbox, nor is he an officer, a manager, a member, a general agent or any other agent authorized by appointment or by law to receive service of process of Gearbox. (Mallory

10

Decl., ¶ 3.) Accordingly, delivering the summons and complaint to Mr. Krenkel is insufficient to constitute proper service under the Federal Rules, and the Complaint should therefore be dismissed under Federal Rule of Civil Procedure 12(b)(5).[5]

## VI. CONCLUSION

For the foregoing reasons, Gearbox respectfully requests that the Court dismiss the claims against Gearbox.

Dated: February 20, 2024　　　　　　　　　Respectfully submitted,

By: /s/ Michael J. Sacksteder
Michael J. Sacksteder
CA Bar No. 191605 (Admitted to E.D. Texas)
Email: msacksteder@fenwick.com
**FENWICK & WEST LLP**
555 California Street, 12th Floor
San Francisco, CA 94104
Telephone: (415) 875-2300

Jessica M. Kaempf
WA Bar No. 51666 (Admitted to E.D. Texas)
Email: jkaempf@fenwick.com
**FENWICK & WEST LLP**
401 Union Street, 5th Floor
Seattle, WA 98101
Telephone: (206) 389-4510

Attorneys for *Gearbox Software, L.L.C.*

---

[5] Additionally, Quantum's counsel did not provide a courtesy copy of the proof of service to Gearbox's counsel prior to its Rule 4(m) deadline, even though Quantum's counsel was fully aware of Gearbox's counsel from a parallel case, s*ee Symbology Innovations, LLC v. Valve Corporation, Gearbox Software, L.L.C.*, No. 2:23-CV-00419 (E.D. Tex.).

## CERTIFICATE OF SERVICE

      The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated:   February 20, 2024

                                                            */s/ Michael J. Sacksteder*