**THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | |
|---|---|
| **QUANTUM TECHNOLOGY INNOVATIONS, LLC,** | |
| **Plaintiff,** | **CIVIL ACTION NO. 2:23-cv-425-JRG** |
| **v.** | |
| **VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C.,** | **JURY TRIAL DEMANDED** |
| **Defendants.** | |

**MOTION TO CONSOLIDATE BREIFING ON VALVE CORPORATION'S
RULE 12(B)(3) MOTIONS TO DISMISS**

Plaintiff Quantum Technology Innovations, LLC ("Plaintiff") respectfully moves to consolidate briefing on Valve's three pending motions to dismiss. Initially, for the stipulated venue discovery the parties had agreed that venue discovery in the lead Symbology Innovations case would be controlling in SPIS and this case. Plaintiff's counsel for QTI, SPIS and Symbology thought that was the plan all along, to have the briefing in the lead case control for all three (3) cases consistent with what the parties had done for venue discovery.  But Valve Corporation disagrees and has refused a stipulation (Exhibit 1) to have the briefing for Valve's motion to dismiss under Rule 12(b)(3) be decided by the lead case, titled *Symbology Innovations, LLC v. Steam Corporation*, Case 2:23-cv-00419-JRG, Dkt. No. 55 (E.D. Tex. 2023).

Not until April 19, 2024, did Valve Corporation finally confirm it would not agree to the stipulated proposal for the Court to have one set of briefing in the lead case.  Exhibit 1. Plaintiffs SPIS, QTI and Symbology have explained to Valve Corporation that the complaints have not been updated to include all of the information gained during venue discovery in the SPIS and this case (QTI).  Granting this motion will stop the need for plaintiffs QTI and SPIS to have to amend, and defendant Valve Corporation to continue to re-file its motion to dismiss. This is consistent with the model docket control orders that have a deadline several months out from the original case management conference to allow the parties to amend their initial pleadings without seeking leave from the Court.

Good cause exists as allowing the briefing in the lead case increases judicial economy and avoid inconsistent rulings and reduces motion practice, as Plaintiffs QTI and SPIS will need to embark on amending their complaints to include the additional factual information in the operative Symbology Complaint.  Granting this motion will also avoid undue harm to Plaintiffs QTI and SPIS, and avoid the situation where the Court has inconsistent facts across the three cases to access venue related to Valve Corporation, when Valve Corporation is consistently the same party.  It is not changing, nor should the Court's ruling on venue.

Also, granting this motion avoids a situation where there is an unnecessary waste of judicial resources in the event that the Court were to not find venue in these two cases but find it in the lead case, then Plaintiff would need to move opposed for leave to amend

its complaint to avoid a miscarriage of justice, which the Court should allow as amendments to pleadings should be 'freely granted' to resolve disputes on the merits, not technicalities.

In closing, Plaintiff asks that the briefing on Valve Corporation's Rule 12(b)(3) motion in *Symbology Innovations, LLC v. Valve Corporation*, 2:23-cv-00419-JRG, Dkt. No. 55 be controlling to avoid inconsistent rulings relating to the same legal issue - is venue proper over Valve Corporation.

Dated:  April 20, 2024                                                 Respectfully Submitted,

                                                                                                        /s/ Randall Garteiser
                                                                                                        Randall Garteiser
                                                                                                          Texas Bar No. 24038912
                                                                                                          rgarteiser@ghiplaw.com
                                                                                                        Christopher A. Honea
                                                                                                          Texas Bar No. 24059967
                                                                                                          chonea@ghiplaw.com
                                                                                                        René A. Vazquez
                                                                                                          Virginia Bar No. 41988
                                                                                                          rvazquez@ghiplaw.com
                                                                                                        M. Scott Fuller
                                                                                                          Texas Bar No. 24036607
                                                                                                          sfuller@ghiplaw.com

                                                                                                        **GARTEISER HONEA, PLLC**
                                                                                                        119 W. Ferguson Street
                                                                                                        Tyler, Texas 75702
                                                                                                        Telephone: (903) 705-7420

                                                                                                        **COUNSEL FOR PLAINTIFF**

**CERTIFICATE OF CONFERENCE**

The undersigned attorney represents and confirms that a conference was conducted with opposing counsel prior to filing this Motion, and counsel indicated that it opposes this motion.

*/s/ Randall Garteiser*
Randall Garteiser

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that a true and correct copy of the above document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system on.

*/s/ Randall Garteiser*
Randall Garteiser