IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| QUANTUM TECHNOLOGY INNOVATIONS, LLC<br><br>           Plaintiff,<br><br>           v.<br><br>VALVE CORPORATION,<br>GEARBOX SOFTWARE, LLC<br>           Defendants | Civil Action No. 2:23-cv-425-JRG-RSP |

**DEFENDANT VALVE CORPORATION'S REPLY IN SUPPORT OF MOTION TO
DISMISS PLAINTIFF'S FIRST AMENDED COMPLAINT UNDER
<u>FEDERAL RULE OF CIVIL PROCEDURE 12(b)(3) FOR IMPROPER VENUE</u>**

I.     INTRODUCTION

The Rothschild plaintiffs in the three East Texas lawsuits against Valve have successfully, and unnecessarily, run up Valve's costs to litigate a threshold question: whether this District is the proper venue to hear these lawsuits (it is not). They have done so by ignoring this Court's Rules and agreements ostensibly reached between the parties. Plaintiffs' pattern of treating rules as mere guidelines continues to this day.

For example, the parties in this case agreed that on April 19, 2024, Plaintiff would file an opposition brief addressing the arguments made in Valve's motion to dismiss. Plaintiff failed to do so. Accordingly, to give teeth to this Court's rules and the importance of compromises reached among the parties, Valve requests that the Court deem waived any arguments that Quantum might have in opposition to Valve's motion to dismiss. Alternatively, Valve requests that the Court apply its decision on venue from *Symbology* to this case as well, and that it also prevent Quantum from further amending its complaint prior to the Court's order addressing Valve's motion to dismiss.

II.     PLAINTIFF IGNORED ITS DEADLINE TO FILE AN OPPOSITION BRIEF, CONTINUING THE ROTHSCHILD PLAINTIFFS' PATTERN OF DISREGARDING DUE DATES

On the original due date for Plaintiff's response to Valve's motion (April 15), Plaintiff requested a four-day extension to file its opposition. Ex. 1. Valve agreed not to oppose Plaintiff's request subject to two conditions: (1) "QTI agrees to file an opposition brief (instead of another amended complaint) to Valve's motion to dismiss by April 19"; and (2) "Symbology will not use the extension against Valve when opposing Valve's motion to expedite in that case." Ex. 2. By filing a motion to extend unopposed, Plaintiff agreed to these conditions. Dkt. 36.

Unfortunately, what Plaintiff told this Court in its unopposed motion for an extension did not reflect the agreement of the parties. *Compare* Dkt. 36 ("Plaintiff has agreed to not file an

1

amended complaint and has provided a draft stipulation to Valve Corp. in the hopes of reaching a resolution on briefing schedule in the cases involving Valve Corp.") *with* Ex. 2 (counsel for Valve agreed not to oppose Plaintiff's request, subject to the conditions that "QTI agrees to file an opposition brief (instead of another amended complaint)").

On April 19, Plaintiff did not file the contemplated "opposition brief." Instead, it filed a one-page document that did not respond to any of the arguments Valve made in its motion to dismiss. That document referred the Court to forthcoming briefing in the *Symbology* case. Dkt. 40, at 1 ("Plaintiff hereby incorporates by reference the arguments it makes in the lead case in opposition to Valve's Motion to Dismiss under Rule 12(b)(3)").

Plaintiff's non-substantive response that references forthcoming (and at the time, unfiled) briefing in another case is not what the parties agreed to when Valve granted the requested extension. By relying on future briefing that had not even occurred, Plaintiff bought itself more time to respond to Valve's motion. This violated this Court's rules and Plaintiff's agreement with Valve.

This is only the latest in a pattern of the Rothschild plaintiffs treating deadlines as suggestions rather than obligations. As one example, Plaintiff in the lead case (*Symbology*) filed a Third Amended Complaint on the day its response to Valve's motion to dismiss was due, thereby delaying resolution of Valve's motion by over a month. The Court has already ruled that Plaintiff's actions were improper. *Symbology Innovations LLC, v. Valve Corp. et al.*, 2:23-419, Dkt. 64, p. 3 (E.D. Tex. Mar. 29, 2024) ("[T]he DCO's deadline for amended pleadings does not allow Symbology to avoid responding to Valve's Motion to Dismiss.").

2

### III. PLAINTIFF'S FAILURE TO FILE A TIMELY OPPOSITION BRIEF LEAVES VALVE'S ARGUMENTS IN ITS MOTION TO DISMISS UNCONTROVERTED

The Court confirmed today what the Rothschild plaintiffs should have known all along: their response to Valve's motion to dismiss was due on the date set in this Court's Venue Order. *See* Case No. 23-419, Dkt. 64 at 3; *id.*, Dkts. 24 & 48-49. Plaintiffs chose not to respond by the deadline, thus violating this Court's Order, instead relying on the Docket Control Order to contend that they could freely amend their venue allegations while preventing this Court from resolving the venue dispute.

Quantum took this delay tactic a few steps further than its sister company (Symbology). Quantum requested a four-day extension to respond to Valve's renewed motion to dismiss (necessitated by Quantum's filing of an amended complaint). Valve agreed subject to the condition that Quantum respond rather than amend yet again. Ex. 2. Quantum filed its motion for an extension unopposed, thus accepting Valve's terms. Yet Quantum did not comply with those same terms when it filed a non-substantive document four days later that told the Court (and Valve) to wait until a future response brief. In doing so, Quantum (1) did not comply with the parties' agreement, (2) misrepresented the scope of that agreement to this Court, and (3) gave itself a unilateral extension of time to respond to an outstanding motion.

Quantum's lack of candor to both Valve and the Court cannot merely be remedied by requiring Quantum file a substantive opposition brief. *C.f.* Case No. 23-419, Dkt. 64 at 3.[1] Instead, Plaintiffs have repeatedly acted so as to make it impossible for the Court to prioritize Valve's motion to dismiss for improper venue, as the Fifth Circuit directs. *In re Horseshoe Ent.*, 337 F.3d 429, 433 (5th Cir. 2003) (holding that venue motions should "take top priority").

---

[1] Symbology filed a substantive response to Valve's motion to dismiss on April 22.

Quantum agreed to file an opposition to Valve's motion to dismiss on April 19. It did not do so. Absent a timely opposition to the arguments made in Valve's motion to dismiss, the Court should find that Valve's arguments against Plaintiff's unfounded venue allegations are uncontroverted. Accordingly, Valve's motion should be granted. *See* Local Rule CV-7(d); *see also Wilson v. Chase Home Fin., LLC,* No. A-10-CA-597-SS, 2011 WL 13324379 (W.D. Tex. Feb. 25, 2011) (granting motion to dismiss where Plaintiff did not file a substantive response).

As an alternative, the Court should order that the briefing and decision on Valve's motion to dismiss in *Symbology* (Case No. 23-419) equally applies to this case. Consistent with the Court's order in *Symbology*, Valve also requests that Quantum be "prohibited from further amending its complaint prior to the Court's order addressing the Motion to Dismiss on the venue issue without first receiving leave of the Court." Case No. 23-419, Dkt. 64 at 3-4.

## IV.  CONCLUSION

Plaintiff's failure to file a substantive opposition to Valve's motion to dismiss in this case is part of a larger coordinated effort to avoid responding substantively to the arguments contained in Valve's motion to dismiss. Plaintiff was given an opportunity to respond to Valve's motion and chose not to take it. This Court should find Plaintiff's opportunity to do so now forfeited, Valve's arguments that venue is not proper unrebutted, and grant Valve's motion to dismiss. Alternatively, the Court should apply the parties' briefing and ultimate decision on venue from *Symbology* to this case as well and, as there, prevent Quantum from further amendments until the Court resolves the parties' venue dispute.

Valve also requests that, should the Court dismiss Plaintiff's case against Valve, the Court keep the case open to hear any fee request that Valve chooses to file.

4

Dated: April 29, 2024						Respectfully submitted,

						*/s/ Michael E. Jones*
						Michael E. Jones
						SBN: 10929400
						Shaun W. Hassett
						SBN: 24074372
						Potter Minton, PC
						102 North College, Ste. 900
						Tyler, Texas 75702
						903-597-8311 (telephone)
						mikejones@potterminton.com
						shaunhassett@potterminton.com

						Kathleen R. Geyer
						Christopher P. Damitio
						Dario A. Machleidt
						Kilpatrick Townsend & Stockton
						1420 Fifth Avenue Suite 3700
						Seattle, WA 98101
						Telephone: (206) 467-9600
						Facsimile: (206) 623-6793
						KGeyer@kilpatricktownsend.com
						CDamitio@kilpatricktownsend.com
						DMachleidt@kilpatricktownsend.com

						*Attorneys for Defendant*
						*Valve Corp.*