FUNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | |
|---|---|
| QUANTUM TECHNOLOGY INNOVATIONS, LLC,<br><br>            Plaintiff,<br><br>   v.<br><br>VALVE CORPORATION, GEARBOX SOFTWARE, L.L.C.,<br><br>            Defendant. | Civil Action No. 2:23-cv-00425-JRG-RSP<br><br>**JURY TRIAL DEMANDED** |

### JOINT NOTICE OF CLARIFICATION REGARDING
### JOINT MOTION TO SEVER AND STAY QUANTUM'S CLAIMS AGAINST
### <u>DEFENDANT GEARBOX SOFTWARE, L.L.C.</u>

Plaintiff Quantum Technology Innovations, LLC ("Quantum") and Defendant Gearbox Software, L.L.C. ("Gearbox") respectfully file this Joint Notice providing clarification regarding the ruling and decisions Gearbox agrees to bound by if the Court grants the parties' request to sever and stay the claims against Gearbox.[1]

Gearbox states that it agrees to be bound by the infringement determination of the accused instrumentalities in the action between Quantum and Valve. Quantum has accused Valve's Steam Application of infringement. (Dkt. 23 ¶ 120; *id.*, Ex. B.) For the avoidance of doubt, this notice is not an agreement regarding the alleged use by Gearbox and/or any damages owed to Quantum.

---

[1] In a related case, the parties submitted a similar motion to sever and stay the plaintiff's claims against Gearbox, pending resolution of the plaintiff's claims against Valve. *Symbology Innovations, LLC v. Gearbox Software, L.L.C.*, No. 2:23-cv-00419, Dkt. 65 (E.D. Tex.). The Court ordered the parties to clarify which decisions in the case against Valve that Gearbox agrees to be bound by if the severance and stay of its case is granted (*id.*, Dkt. 71), and the Court subsequently granted the joint motion to sever and stay, after the parties submitted the notice of clarification (*id.*, Dkts. 72, 80). The parties believe a similar notice of clarification would be helpful to the Court in this case, and thus submit the present notice.

For the avoidance of doubt, Gearbox does not agree to be bound by the outcome of any determination of validity of the asserted patents.

Nonetheless, the parties agree that resolution of Quantum's claims as to Valve will completely resolve Quantum's claims against Gearbox, and thus Quantum's claims against Gearbox should also be severed and stayed under Federal Rule of Civil Procedure 21. If Valve's Steam App is found to not infringe in the case against Valve, then the ruling is dispositive as to Quantum's claims against Gearbox (which are based on the same accused instrumentalities).

Furthermore, even if Quantum obtains a judgment in its favor against Valve, Quantum agrees to not seek recovery from Gearbox. Indeed, Quantum will have exhausted its rights as a patent holder and will be precluded from collecting duplicative damages with respect to the same feature of the Steam application from Gearbox. Any recovery that Quantum may obtain from Valve would exhaust its claims as to Gearbox, even with respect to method claims. *Quanta Computer, Inc. v. LG Elecs., Inc.*, 553 U.S. 617, 629–631 (2008) ("method patents were exhausted by the sale of an item that embodied the method; patentees cannot "extend their rights through each downstream purchaser"); *In re Katz Interactive Call Processing Patent Litigation*, Nos. 07-ML-1816-B-RGK (FFMx), 07-CV-2322-RGK (FFMx), 2009 WL 8635161, at *4–5 (C.D. Cal. May 1, 2009) (applying the rationale of *Quanta* to find that "[o]nce a service is lawfully sold, [there is] no reason why the patentee should be able to somehow prevent the purchaser from enjoying the use of the service.").

Because resolving the claims against Valve will resolve the claims against Quantum, the parties thus respectfully submit that this stipulation weighs in favor of staying Quantum's claims against Gearbox. Gearbox is, at most, a user of the accused instrumentalities. Therefore, Valve is the "true defendant" in the present case. *In re Nintendo of Am., Inc.*, 756 F.3d 1363, 1365 (Fed. Cir. 2014). The burdens of trial should not be unnecessarily imposed upon its customer, Gearbox,

and in the interest of judicial economy, the case should be stayed as to Gearbox.  *Id.*; *Opticurrent, LLC v. Power Integrations, Inc.*, No. 16-CV-325-JRG, 2016 WL 9275395, at *4–5 (E.D. Tex. Oct. 19, 2016) (staying the claims against a reseller where "a finding that [the seller] infringes is a prerequisite to recovery from [reseller/distributor]" because "the burdens of trial should not be unnecessarily imposed upon [the] customer"); *CyWee Grp. Ltd. v. Huawei Device Co.*, No. 17-CV-495-WCB, 2018 WL 4002776, at *4 (E.D. Tex. Aug. 22, 2018) (holding that an agreement to be bound by the infringement determination supports a stay).

Dated:  June 12, 2024

Respectfully submitted,

By: */s/ Randall Garteiser*
    Christopher A. Honea
    Texas Bar No. 24059967
    Email: chonea@ghiplaw.com
    Randall Garteiser
    Texas Bar No. 24038912
    Email: rgarteiser@ghiplaw.com
    M. Scott Fuller
    Texas Bar No. 24036607
    Email: sfuller@ghiplaw.com
    **GARTEISER HONEA, PLLC**
    119 W. Ferguson Street
    Tyler, TX 75702
    Telephone: (903) 705-7420
    Facsimile: (903) 405-3999

    *Attorneys for Quantum Technology Innovations, LLC*

By: */s/Michael J. Sacksteder*
    Michael J. Sacksteder
    CA Bar No. 191605 (Admitted to E.D. Texas)
    Email:  msacksteder@fenwick.com
    **FENWICK & WEST LLP**
    555 California Street, 12th Floor
    San Francisco, CA  94104
    Telephone:  (415) 875-2300

    Geoffrey Miller, TBN 24094847
    Email: gmiller@fenwick.com
    **FENWICK & WEST LLP**
    902 Broadway, 18th Floor
    New York, NY 10010
    Tel: (212) 921-2001

    Jessica M. Kaempf
    WA Bar No. 51666 (Admitted to E.D. Texas)
    Email:  jkaempf@fenwick.com
    **FENWICK & WEST LLP**
    401 Union Street, 5th Floor
    Seattle, WA  98101
    Telephone:  (206) 389-4510

    Attorneys for *Gearbox Software, L.L.C.*

## CERTIFICATE OF CONFERENCE

The undersigned hereby represents and confirms that a conference was conducted with counsel for all parties prior to filing this Notice and counsel indicated their agreement with the relief requested herein.

Dated:  June 12, 2024                                        */s/Michael J. Sacksteder*
                                                                           Michael J. Sacksteder

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of the above and foregoing document has been served to all counsel of record who are deemed to have consented to electronic service via the Court's CM/ECF system.

Dated:  June 12, 2024                                        */s/Michael J. Sacksteder*
                                                                           Michael J. Sacksteder