IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| QUANTUM TECHNOLOGY INNOVATIONS, LLC, | § § § | |
| *Plaintiff,* | § § | CIVIL ACTION NO. 2:23-CV-425-JRG-RSP |
| v. | § § | |
| VALVE CORPORATION and GEARBOX SOFTWARE, L.L.C., | § § § | |
| *Defendants*. | § § | |

### REPORT & RECOMMENDATION

Before the Court is the Motion to Dismiss for Improper Venue filed by Defendant Valve Corporation. **Dkt. No. 27**. Pursuant to a joint stipulation between the Parties, the briefing[1] for this Motion was consolidated into Case No. 2:23-cv-419. *See* Dkt. No. 44. Since the 2:23-cv-419 case has now been dismissed, the Court addresses the Motion in this case.[2] For the reasons below, the motion should be **GRANTED**.

### I.  LEGAL STANDARD

Section 1400(b) of Title 28 is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Pursuant to 28 U.S.C. § 1400(b), venue lies "in the judicial district where the defendant resides," or "where the defendant has committed acts of infringement and has a regular and established place of business."

---

[1] The briefing entailed an identical motion (2:23-cv-419, Dkt. No. 55), a response (2:23-cv-419, Dkt. No. 63), a reply (2:23-cv-419, Dkt. No. 66), a revised sur-reply (2:23-cv-419, Dkt. No. 75), and a sur-sur-reply (2:23-cv-419, 76).
[2] Hereinafter docket citations are to the Case No. 2:23-cv-419 unless otherwise specified.

Three elements must be met in order to establish that a defendant has a 'regular and established place of business' in the district: (1) there must be a physical place in the district; (2) it must be a regular and established place of business; and (3) it must be a place of the defendant. *In re: Cray Inc.*, 871 F.3d 1355, 1360 (Fed. Cir. 2017).

When challenged, the plaintiff has the burden of establishing that venue is proper under §1400(b). *In re: ZTE (USA) Inc.,* 890 F.3d 1008, 1013–14 (Fed. Cir. 2018). "A court may decide whether venue is improper based upon (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *AGIS Software v. T-Mobile USA Inc.*, No. 2:21-cv-72-JRG-RSP, 2021 WL 6616856, at *1 (E.D. Tex. Nov. 10, 2021) (quoting *Ambraco, Inc. v. Bossclip B.V.*, 570 F.3d 233, 238 (5th Cir. 2009)), *R&R adopted*, 2022 WL 178804 (E.D. Tex. Jan. 19, 2022).

When a forum selection clause is asserted, the Court first determines if the forum selection clause governs the dispute. *See Gen. Protecth Grp., Inc. v. Leviton Mfg. Co.*, 651 F.3d 1355, 1359 (Fed. Cir. 2011). In patent cases, the applicability of a forum selection clause often arises when a defendant asserts a defense based on a license agreement. *See, e.g., Zix Corp. v. Echoworx Corp.*, No. 2:15-cv-01272-JRG, 2016 WL 7042221 (E.D. Tex. June 9, 2016). The Federal Circuit has held that a forum selection clause applies if the nexus between the case and the agreement at issue is "non-frivolous." *Gen. Protecth Grp*, 651 F.3d at 1359.

## II.  ANALYSIS

### A. Contractual Waiver

As a threshold matter, Plaintiff asserts that a 2016 Global Settlement and License Agreement's ("GSALA") forum selection clause should be enforced. Dkt. No. 63 at 4–10. By

Plaintiff's own admission, the 2016 GSALA did not involve any of the patents asserted against Valve in the case currently before this Court. *See* Dkt. No. 63 at 8. And Valve does not assert a license defense based on the 2016 GSALA. Dkt. No. 55 at 18; Dkt. No. 66 at 3; *cf.* Dkt. No. 63 at 11 (Plaintiff indicates that a license defense has yet to be asserted). While the agreement does include a waiver of venue objections, it is clear from the face of the agreement that the extent of that waiver applies to disputes arising from the 2016 GSALA. *See* GSALA ¶ 11.1. The Court finds that the current case clearly does not arise out of the 2016 GSALA since the agreement did not cover the asserted patents and Valve is not asserting a license defense based on the agreement.[3] Accordingly, the Court finds that the venue waiver in the 2016 Global Settlement and License Agreement does not govern this dispute.

### B. Litigation Waivers

Plaintiff also argues that since Valve waived venue in certain previous cases, the Court should enforce a venue waiver here. Dkt. No. 63 at 10–11; *see* 2:23-cv-425, Dkt. No. 23 ¶ 9, 10 ("Amended Complaint"). Valve's consent and waiver of venue in previous actions does not bind it in this proceeding, especially where in the previous actions the waivers were made explicitly for the relevant action only. *See* Amended Complaint ¶ 9, 10.

### C. Venue Analysis

Plaintiff asserts that venue is proper pursuant to 28 U.S.C. § 1391(c)(2), arguing that general and specific jurisdiction over Valve is present. Dkt. No. 63 at 10, 11. However, Plaintiff's argument is in direct contradiction to Supreme Court precedent which delineates 28 U.S.C. § 1400(b) as the exclusive statute for venue in patent infringement proceedings. *TC Heartland LLC*

---

[3] The Court notes that Plaintiff discusses the applicability of the 2016 GSALA to the instant plaintiffs as affiliates of the original signatories. Having found that the agreement does not govern this dispute on other grounds, the Court does not reach this dispute.

3

*v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). Accordingly, the Court evaluates venue in this action pursuant to § 1400(b).

Plaintiff does not dispute that Valve is incorporated under the laws of, and has a principal place of business within, the State of Washington. Amended Complaint ¶ 2. Accordingly, the Court finds that venue is not established under the residency requirements of 28 U.S.C. § 1400(b). *Id*. at 1521.

Therefore, to establish venue, Plaintiff must present facts that, taken as true, show that the Defendant has a regular and established place of business in this District. Under the patent venue statute, a "regular and established place of business" must be (1) "a physical place in the district"; (2) "regular and established"; and (3) "the place of the defendant." *In re Cray*, 871 F.3d at 1360. Plaintiff argues that "a physical place in the district" is shown by the use of Valve's product, "Steam," in PC Gaming Cafés in this District, the sale of "Steam" gift cards in "brick and mortar retailers," and the presence of employees "to perform inspections of its dedicated servers" in this District. *See* Dkt. No. 63 at 11–12; Amended Complaint ¶¶ 8, 12. Valve does not dispute that these are physical places, Valve's objection is that they are not places of the defendant. *See* Dkt. No. 55 at 6–12.

1. <u>PC Gaming Cafés</u>

PC Gaming Cafés provide gaming computers loaded with video games and video game platforms to customers who pay for usage time. Steam, a Valve product, is a video game platform through which developers publish video game titles for purchase and play. Steam's inclusion in PC Gaming Café setups can be accomplished through a PC Café Agreement between Valve and the café owner. Dkt. No. 55 at 7. Plaintiff points to several PC Gaming Cafés in this District, which

4

include access to the Steam platform, as establishing venue. Amended Complaint ¶ 12; Dkt. No. 63 at 11–12.

Valve confirms that, at the time of the Complaint, the identified PC Gaming Cafés had signed Valve's PC Café Agreement. Dkt. No. 55 at 8. However, Valve contends that it "only provides a license to the digital content" and otherwise does not exert control over the businesses such that the cafes are physical places of business for Valve. Dkt. No. 55 at 8, 11–15. Valve asserts that the PC Cafés operate independently and "once an individual signs the PC Café Agreement, as far as Valve is concerned, . . . They can choose to do whatever they like." Dkt. No. 55 at 13–14. Further, Valve asserts that they do not control the "day-to-day operations." Dkt. No. 55 at 13.

Under the third *Cray* factor, "'the regular and established place of business' must be 'the place of the defendant.'" *In re Cray*, 871 F.3d at 1363. To be the place of the defendant, "the defendant must establish or ratify the place of business." *Id*. A court may consider "whether the defendant owns or leases the place"; "exercises other attributes of possession or control over the place"; "marketing or advertisements . . . but only to the extent they indicate that the defendant itself holds out a place for its business"; "whether the defendant lists the alleged place of business on a website, or in a telephone or other directory"; or whether the defendant "places its name on a sign associated with or on the building itself." *Id.* at 1363-64. However, the Federal Circuit stated that "the mere fact that a defendant has advertised that it has a place of business or has even set up an office is not sufficient." *Id.* at 1364.

Despite the agreement's branding usage provision, Plaintiff cites no evidence that the relevant businesses elected to use the branding, nor is there evidence that the branding was pervasive within the businesses. Plaintiff's assertion that the PC Gaming Cafés "advertise Valve's STEAM gaming platform" is insufficient under *Cray* since it is an advertisement by the Café itself

and not Valve indicating a place for its business through advertisement. *See In re Cray*, 871 F.3d at 1363–64. And Plaintiff's assertion that Valve employees provide support for these businesses is contradicted by the agreement itself. *See* 2:23-cv-425, Dkt. No. 27-3 § 4.A (exemplary PC Café Agreement with one of the referenced PC Cafés).

Valve's contribution to the PC Gaming Cafés is the Steam platform and the extent of the control exerted over the inclusion of Steam in the cafés is pursuant to the PC Café Agreement. The Court notes that the agreement itself does not mandate the use of Steam within the businesses. *See* PC Café Agreement at 2. Based on the plain language of the agreement, the businesses could decide not to provide Steam to its customers. The nature of this option cuts against finding that the PC Gaming Cafés are "established" as places of business for Valve. *Cf. In re Cray*, 871 F.3d at 1363.

Plaintiff asserts that Valve's ability to inspect the PC Gaming Cafés "establishes them as being ratified by Valve Corporation for purposes of establishing venue." Dkt. No. 63 at 12. Valve asserts that the inspection provision constitutes "limited standards and constraints" that do not rise to the level of control needed to find venue. Dkt. No. 55 at 14. Additionally, Valve contends that such an inspection has never been conducted in this District. *Id*. Upon review of the relevant provision, the Court does not find that the inspection alone exhibits control over the PC Gaming Cafés such that it can be considered a place of the defendant for venue purposes. *See In re Cray*, 871 F.3d at 1363–64. The inspection is narrowly reserved for evaluating compliance with the agreement and any inspections that occur are conducted during regular business hours. *See* PC Café Agreement § 5.

Perhaps most importantly, the Federal Circuit has held in *In re Google*, 949 F.3d 1338, 1344–45 (Fed. Cir. 2020), that "a 'regular and established place of business' requires the regular,

physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'" As discussed below, the record shows that this element is lacking.

### 2. Gift Cards

Plaintiff asserts that venue is proper due to Steam gift cards that are sold in stores such as "Best Buy, GameStop, and Walmart." Amended Complaint at 4. The sale of gift cards alone is insufficient to establish venue. *See Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*, 2021 WL 8441707, at *2 (E.D. Tex. 2021). Compared to *Alexsam*, venue on gift cards is even more tenuous here, where the accused instrumentalities do not involve the gift cards.

### 3. Employees

Plaintiff asserts that "Valve Corp. has agency over employees that reside in this district that perform inspections of its dedicated servers[.]" Dkt. No. 63 at 12. Despite the benefit of venue discovery, Plaintiff does not identify any employees in this District, nor where the dedicated servers are hosted. In contrast, Valve asserts that its Texas based servers are located in Dallas County and represents that "Valve has no employees in Texas, and no Valve employee has ever travelled to Dallas County to inspect its servers" (Dkt. No. 55 at 11), and offers sworn testimony in support thereof. Dkt. No. 55-5 at 5.

The Court finds that Valve's evidence that no employees work in Texas and that no employees have travelled to Texas cuts against a finding that Valve has a "regular and established place of business" in Texas. *In re Google*, 949 F.3d 1338, 1344–45 (Fed. Cir. 2020) ("We conclude that a 'regular and established place of business' requires the regular, physical presence of an employee or other agent of the defendant conducting the defendant's business at the alleged 'place of business.'").

### III.  CONCLUSION

Accordingly, **IT IS RECOMMENDED** that Defendant Valve's Motion to Dismiss the First Amended Complaint for Improper Venue (Dkt. No. 27) be **GRANTED**.

A party's failure to file written objections to the findings, conclusions, and recommendations contained in this report within 14 days bars that party from *de novo* review by the District Judge of those findings, conclusions, and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. Fed. R. Civ. P. 72(b)(2); *see Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*). Any objection to this Report and Recommendation must be filed in ECF under the event "Objection to Report and Recommendations [cv, respoth]" or it may not be considered by the District Judge.

**SIGNED this 7th day of August, 2024.**

_____
ROY S. PAYNE
UNITED STATES MAGISTRATE JUDGE