**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| SYMBOLOGY INNOVATIONS, LLC, | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00419-JRG |
| | § | |
| VALVE CORPORATION, | § | |
| | § | |
| *Defendant.* | § | |
| | § | |

| | | |
|---|---|---|
| QUANTUM TECHNOLOGY INNOVATIONS, LLC, | § | |
| | § | |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION NO. 2:23-CV-00425-JRG |
| | § | |
| VALVE CORPORATION and GEARBOX SOFTWARE, LLC, | § | |
| | § | |
| | § | |
| *Defendants.* | § | |
| | § | |

## <u>MEMORANDUM OPINION AND ORDER</u>

This Order memorializes the Court's opinion on three motions in a pair of cases between

Symbology Innovations, LLC ("Symbology") or Quantum Technology Innovations, LLC

("QTI")[1] and Valve Corporation ("Valve"). The cases include *Symbology Innovations, LLC v. Valve*

*Corp.*, No. 2:23-cv-00419-JRG (E.D. Tex. filed Sept. 15, 2023) (the "419 Case") and *Quantum*

*Tech. Innovations, LLC v. Valve Corp. et al.*, No. 2:23-cv-00425-JRG (E.D. Tex. filed Sept. 18,

---

[1] Symbology and QTI share the same parent company, Patent Asset Management, LLC. (419 Case Dkt. No. 52 ¶ 24.) Randall Garteiser serves as counsel for Symbology and QTI in both above-captioned cases. The original complaint named Valve and Gearbox Software, LLC as Defendants. (419 Case Dkt. No. 1.) On June 5, 2024, the Court severed and stayed all claims against Gearbox Software, LLC. (419 Case Dkt. No. 80.)

2023) (the "425 Case").

Before the Court is Valve's Motion for Sanctions in the 419 Case ("419 Rule 11 Motion") (419 Case Dkt. No. 85); Valve's Motion for Sanctions Under the Court's Inherent Authority in the 419 Case ("419 Sanctions Motion") (419 Case Dkt. No. 91); and Valve's Motion for Sanctions in the 425 Case ("425 Rule 11 Motion") (425 Case Dkt. No. 54). The Court held a hearing on these matters on November 8, 2024. (419 Case Dkt. No. 108; 425 Case Dkt. No. 73.) After considering the briefing and oral arguments, the Court finds that Valve's 419 Rule 11 Motion and 425 Rule 11 Motion should be and hereby are **GRANTED-AS-MODIFIED**. The Court finds that Valve's 419 Sanctions Motion should be and hereby is **DENIED**.

I.      **BACKGROUND**

        A.      **The 419 Case**

        On September 15, 2023, Symbology filed the original complaint. (419 Case Dkt. No. 1.) Symbology generally premised its venue allegations on (1) Valve developing video games with Frisco-based Defendant Gearbox Software, LLC; (2) Valve having a Texas taxpayer number; (3) Valve not challenging venue in prior Eastern District of Texas lawsuits; (4) Valve selling gift cards through third-party retailers in this District; and (5) Valve having five employees who reside in Texas and have information regarding the lawsuit. (419 Case Dkt. No. 1 ¶ 7.) On October 2, 2023, Valve sent Symbology's counsel, Mr. Randall Garteiser, a letter regarding Symbology's allegedly improper venue allegations. (419 Case Dkt. No. 85-6.) On November 6, 2023, Valve moved to dismiss Symbology's original complaint under Rule 12(b)(3) for improper venue. (419 Case Dkt. No. 11.) In support of its motion to dismiss, Valve filed sworn declarations confirming that Valve (1) "does not own any real property, rent any office space, or possess or control any 'shelf-space'" in the Eastern District of Texas; (2) does not have any records of any employee residing in Texas when Plaintiff filed the original complaint; and (3) "has not collaborated with Gearbox to develop

2

any products" since 2002. (419 Case Dkt. No. 11-1 ¶¶ 6, 7-11, 19.) Valve sent Mr. Garteiser another letter regarding Symbology's venue allegations on November 15, 2023. (Dkt. No. 85-7.)

Following Valve's motion to dismiss, Symbology sought leave to conduct venue discovery, which the Court granted. (419 Case Dkt. Nos. 23, 24.) During venue discovery, Symbology amended its complaint twice. (419 Case Dkt. Nos. 35, 40.) In its January 16, 2024, First Amended Complaint, Symbology reasserted its previous venue allegations and added allegations that Valve has franchisees with gaming cafes in this District and in Texas. (*E.g.*, 419 Case Dkt. No. 35 ¶ 12.) In response, Valve filed a renewed motion to dismiss the First Amended Complaint for improper venue. (419 Case Dkt. No. 37.) In support of its renewed motion to dismiss, Valve filed declarations refuting Symbology's venue allegations and citing documents Valve produced in venue discovery. (419 Case Dkt. Nos. 37-1, 37-2.)

On February 13, 2024, Symbology filed a Second Amended Complaint. (419 Case Dkt. No. 40.) The Second Amended Complaint reasserted the same venue allegations as the First Amended Complaint. (*Compare* 419 Case Dkt. No. 40 *with* 419 Case Dkt. No. 45.) In response, Valve filed a renewed motion to dismiss the Second Amended Complaint for improper venue and provided supporting declarations and documentation refuting Symbology's venue allegations. (419 Case Dkt. Nos. 45, 45-1, 45-2.)

Per the Court's Venue Discovery Order, the deadline for Symbology to respond to Valve's motion to dismiss was March 11, 2024. (419 Case Dkt. No. 24 ¶ 7.) Upon Symbology's unopposed request, the Court extended this deadline to March 21, 2024. (419 Case Dkt. No. 50.) Valve sent Mr. Garteiser another letter regarding Symbology's venue allegations on March 20, 2024. (419 Case Dkt. No. 85-8.) On March 21, 2024, Symbology did not file a response to Valve's motion to dismiss and, instead, filed the Third Amended Complaint. (419 Case Dkt. No. 52.) The Third

Amended Complaint reasserted Symbology's venue allegations from the Second Amended Complaint and added new venue allegations. (419 Case Dkt. No. 52.) Specifically, in the Third Amended Complaint, Symbology included many new venue allegations from publicly available sources, including a new venue waiver allegation. (*Id.* ¶¶ 4-54.) Symbology included two new venue allegations relating to information it learned through venue discovery: (1) that Valve has contracts with cloud service providers and (2) that Valve owns or leases a server in Dallas, Texas. (*Id.* ¶¶ 39-40.) On April 8, 2024, Valve renewed its motion to dismiss for improper venue in response to Symbology's Third Amended Complaint. (419 Case Dkt. No. 55.)

On April 22, 2024, Valve served its Rule 11 Motion on Symbology. (419 Case Dkt. No. 98 at 2; *see also* 419 Case Dkt. Nos. 98-2–98-6.) On July 29, 2024, Symbology voluntarily dismissed the 419 Case against Valve with prejudice under Rule 41. (419 Case Dkt. No. 84.) The following day, Valve filed the 419 Rule 11 Motion. (419 Case at Dkt. No. 85.) On August 23, 2024, Valve filed the 419 Sanctions Motion. (419 Case Dkt. No. 91.)

B.    **The 425 Case**

On September 18, 2023, QTI filed the original complaint.[2] (425 Case Dkt. No. 1.) QTI's venue allegations generally mirrored Symbology's venue allegations in the 419 Case. (*See id.* ¶ 7.) On October 2, 2023, Valve sent QTI's counsel, Mr. Randall Garteiser, a letter regarding QTI's venue allegations.[3] (425 Case Dkt. No. 54-5.) On December 13, 2023, Valve moved to dismiss QTI's original complaint under Rule 12(b)(3) for improper venue. (425 Case Dkt. No. 8.) In support of its motion to dismiss, Valve filed sworn declarations confirming that Valve (1) "does not own any real property, rent any office space, or possess or control any 'shelf-space'" in the

---

[2] The original complaint named Valve and Gearbox Software, LLC as Defendants. (425 Case Dkt. No. 1.) Gearbox did not join Valve's Rule 11 Motion. (*See generally* 425 Case Dkt. No. 54.)
[3] The three letters Valve sent to Mr. Garteiser regarding QTI are the same letters Valve sent Mr. Garteiser regarding Symbology and its allegedly frivolous venue allegations.

Eastern District of Texas; (2) does not have any records of any employee residing in Texas when Plaintiff filed the original complaint; and (3) "has not collaborated with Gearbox to develop any products" since 2002. (425 Case Dkt. No. 8-1 ¶¶ 6, 7-11, 19.) Valve sent Mr. Garteiser another letter regarding QTI's venue allegations on November 15, 2023. (425 Case Dkt. No. 54-6.)

Following Valve's motion to dismiss in the 425 Case, Symbology sought leave to conduct venue discovery in the 419 Case, which the Court granted. (419 Case Dkt. Nos. 23, 24.) The parties stipulated that venue discovery in the 419 Case would apply with equal force to the 425 Case. (419 Case Dkt. Nos. 23, 24.) On March 15, 2024, QTI filed its First Amended Complaint. (425 Case Dkt. No. 23.) In its First Amended Complaint, QTI reasserted its previous venue allegations and added new venue allegations regarding Valve's agreements with gaming cafes and allegations that Valve develops video games with Co-Defendant Gearbox Software, LLC. (*See, e.g.*, 425 Case Dkt. No. 23 ¶¶ 8, 12.) In response, Valve sent Mr. Garteiser another letter regarding QTI's venue allegations on March 20, 2024. (425 Case Dkt. No. 54-7.) On April 1, 2024, Valve filed a renewed motion to dismiss the First Amended Complaint for improper venue. (425 Case Dkt. No. 27.) In support of its renewed motion to dismiss, Valve filed declarations refuting QTI's venue allegations and citing documents Valve produced in venue discovery. (425 Case Dkt. Nos. 27-1, 27-2.)

On May 9, 2024, Valve served its Rule 11 Motion on QTI. (425 Case Dkt. No. 64 at 1; *see also* 425 Case Dkt. Nos. 64-2–64-6.) On August 8, 2024, Magistrate Judge Payne issued a Report and Recommendation, recommending granting Valve's motion to dismiss for improper venue. (425 Case Dkt. No. 52.) On the same day as the Report and Recommendation, QTI voluntarily dismissed the 425 Case against Valve without prejudice under Rule 41. (425 Case Dkt. No. 53.) Valve filed the 425 Rule 11 Motion on August 9, 2024. (425 Case at Dkt. No. 54.)

### C.    Relief Requested in the 419 and 425 Cases

Valve filed Rule 11 motions in the 419 and 425 Cases seeking monetary sanctions. (419

Case Dkt. No. 85; 425 Case Dkt. No. 54.) Valve asserts that the Third Amended Complaint in the

419 Case and First Amended Complaint in the 425 Case contained frivolous venue allegations,

counsel overlooked facts learned during venue discovery, and counsel ignored controlling venue

law. In the 419 Case, Valve also filed the 419 Motion for Sanctions. (419 Case Dkt. No. 91.) In the

419 Motion for Sanctions, Valve asks the Court to award fees and costs under the Court's inherent

authority. (*Id.*) Valve's 419 Motion for Sanctions asserts similar arguments as its 419 Rule 11

Motion, except that Valve does not limit its allegations or the relief it seeks to Symbology's alleged

bad faith to the Third Amended Complaint. (*Id.*)

## II.    LEGAL STANDARD

### A.    Rule 11

Under Rule 11(b) of the Federal Rules of Civil Procedure, an attorney certifies to the best

of its knowledge, after an "inquiry reasonable under the circumstances," that the "pleading, written

motion, or other paper" it presents to the Court is not for "any improper purpose." Fed. R. Civ. P.

11(b)(1). An attorney also certifies that "the claims, defenses, and other legal contentions are

warranted." *Id.* at 11(b)(2). Further, an attorney certifies that its "factual contentions have

evidentiary support" and that any "denial[s] of factual contentions are warranted on the evidence"

or "reasonably based on belief or lack of information." *Id.* at 11(b)(3).

Courts decide Rule 11 motions under regional circuit law. *ResQNet.com, Inc. v. Lansa, Inc.*,

594 F.3d 860, 873 (Fed. Cir. 2010). In the Fifth Circuit, courts determine whether there was a Rule

11 violation under "an objective, not subjective standard of reasonableness under the

circumstances." *Raylon, LLC v. Complus Data Innovations, Inc.*, 700 F.3d 1361, 1367 (Fed. Cir.

2012). "Thus, an attorney violates Rule 11(b)(3) when an objectively reasonable attorney would

not believe, based on some actual evidence uncovered during the prefiling investigation, that each

claim limitation reads on the accused device." *Antonious v. Spalding & Evenflo Companies, Inc.*,

275 F.3d 1066, 1074 (Fed. Cir. 2002). Upon determining that Rule 11(b) has been violated, a court may impose appropriate sanctions either on its own motion or after proper motion by a party. Fed. R. Civ. P. 11(c). "A sanction imposed under [Rule 11] must be limited to what suffices to deter repetition of the conduct or comparable conduct by others similarly situated" and "[t]he sanction may include nonmonetary directives . . . ." *Id.* at 11(c)(4). "An order imposing a sanction must describe the sanctioned conduct and explain the basis for the sanction." *Id.* at 11(c)(6).

### B.    The Court's Inherent Authority

Federal courts have "inherent powers," not conferred by rule or statute, to sanction "for conduct which abuses the judicial process." *Goodyear Tire and Rubber Co. v. Haeger*, 581 U.S. 101, 107 (2017) (citing *Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991)). This authority includes the power to assess attorneys' fees "when a party has acted in bad faith, vexatiously, wantonly, or for oppressive reasons." *Chambers*, 501 U.S. at 45-46. However, "[b]ecause of their very potency, inherent powers must be exercised with restraint and discretion." *Id.* at 44.

## III.    DISCUSSION

### A.    Sanctions Under Rule 11 in Both Cases are Appropriate

#### 1.    Valve's Rule 11 Motions Complied with the Rule 11 Requirements

Before turning to the merits of Valve's Rule 11 motions, the Court must first consider whether Valve complied with the requirements of Rule 11 in filing its Rule 11 Motions.

Rule 11 contains a safe harbor provision requiring any party contemplating a motion for sanctions to first present its draft motion to the party against whom it seeks sanctions. Fed. R. Civ. P. 11(c)(2). The safe harbor provision gives the party against whom sanctions are sought 21 days to withdraw or correct the challenged statements. *Id.* Therefore, Rule 11 requires any party contemplating a motion for sanctions to first serve its Rule 11 motion on the party against whom

sanctions are sought, then wait 21 days to file its motion if the basis for the Rule 11 motion is not withdrawn or corrected. *Id.*

### a) The 419 Rule 11 Motion is Timely and Ripe

Symbology argues that the 419 Rule 11 Motion is untimely and moot because Symbology voluntarily dismissed the case with prejudice. (419 Case Dkt. No. 95 at 2.) Symbology also argues that Valve's motion is untimely because Valve waited over two months to file the 419 Rule 11 Motion after Valve served it on Symbology. (*Id.*)

Valve responds that the 419 Rule 11 Motion is neither moot nor untimely because Symbology voluntarily dismissed this case long after the 21-day safe harbor expired. (419 Case Dkt. No. 98 at 1-2.) Valve also argues that it was not required to file its Rule 11 Motion exactly on the 21-day mark. (*Id.* at 2.)

The Court finds that the 419 Rule 11 Motion is timely because Valve complied with the requirements outlined in Rule 11(c)(2). It is undisputed that Valve served the 419 Rule 11 Motion on Symbology on April 22, 2024. (419 Case Dkt. Nos. 98-2–98-6.) The 21-day safe harbor expired on May 14, 2024. Symbology did not withdraw or correct the Third Amended Complaint during the 21-day safe harbor. Valve filed the 419 Rule 11 Motion on July 30, 2024. (419 Case Dkt. No. 85 at 16.) Rule 11 does not require a party to file its Rule 11 motion on the twenty-first day. Instead, courts have found that Rule 11 motions are timely if the party files it after the expiration of the safe harbor. *See, e.g.*, *Roberts v. Philadelphia Express Tr.*, 2024 WL 4472372, at *4 (S.D. Ga. Sept. 12, 2024) ("Because there were well over twenty-one days between this service and the filing of the at-issue motion (over a year later), Defendants have complied with Rule 11's only timing requirement . . . ."); *Teno v. Iwanski*, 464 F. Supp. 3d 924, 937 (E.D. Tenn. 2020) (finding a Rule 11 motion timely where the defendants served the motion 75 days before filing it); *In re Dairy Farmers of Am., Inc.*, 80 F. Supp. 3d 838, 859 (N.D. Ill. 2015) (finding that a Rule 11 motion filed

two-and-a-half years after giving notice of intent to file a Rule 11 motion was reasonable and timely); *see also Matrix IV, Inc. v. Am. Nat. Bank & Tr. Co. of Chicago*, 649 F.3d 539, 552 (7th Cir. 2011) ("The 21–day window specified in Rule 11 is a floor, not a ceiling . . . ."); *Brown v. Tromba*, 2023 WL 5457049, at *2 (D. Nev. Aug. 23, 2023) ("Rule 11 does not contain a requirement that a motion be filed by a particular time."). In effect, Valve voluntarily gave Symbology what amounts to an expanded opportunity to withdraw or correct the Third Amended Complaint before filing the 419 Rule 11 Motion. Symbology chose not to. Therefore, the Court finds that the 419 Rule 11 Motion is timely.

The Court further finds that the 419 Rule 11 Motion is ripe. As the Supreme Court has held, "'violation of Rule 11 is complete when the paper is filed,' . . . a voluntary dismissal does not expunge the Rule 11 violation." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 395 (1990) (quoting *Szabo Food Serv., Inc. v. Canteen Corp.*, 823 F.2d 1073, 1077 (7th Cir. 1987)). Valve asserts that the filing of the Third Amended Complaint is the Rule 11 violation. As discussed above, Symbology had until May 14, 2024, to withdraw or correct the Third Amended Complaint to avoid Valve from filing the 419 Rule 11 Motion. It is undisputed that Symbology did not withdraw or correct the Third Amended Complaint by May 14, 2024. Instead, on July 29, 2024, almost 100 days after Valve gave Symbology notice of its intent to seek Rule 11 sanctions, Symbology voluntarily dismissed the 419 Case. (419 Case Dkt. No. 84.) However, Symbology's voluntary dismissal does not allow it to escape a potential Rule 11 violation that occurred prior to dismissal. *Cooter & Gell*, 496 U.S. at 395 (1990) ("If a litigant could purge his violation of Rule 11 merely by taking a dismissal, he would lose all incentive to stop, think and investigate more carefully before serving and filing papers.") (cleaned up); *see also Lundahl v. Halabi*, 600 F. App'x 596, 608 (10th Cir. 2014) ("A court may award attorney fees, contempt sanctions, and Rule 11 sanctions

after a Rule 41(a) voluntarily dismissal because those issues all involve the determination of a collateral issue").

Accordingly, the Court finds that the 419 Rule 11 Motion is both timely and ripe.

**b)    The 425 Rule 11 Motion Complies with Rule 11(c)(2)**

QTI contends that Valve did not comply with Rule 11(c)(2). (425 Case Dkt. No. 63 at 3.) QTI appears to argue that Valve's failure to include a certificate or declaration of compliance with Rule 11 "is terminal to Value's motion." (*Id.*) QTI also argues that Valve failed to comply with the safe harbor provision and never gave QTI the opportunity to correct itself. (*Id.* at 3-4) QTI asserts that it "dismissed this case on August 8, 2024 before, Defendant served or even filed a Rule 11 motion on August 9, 2024." (*Id.* at 4.)

In response, Valve asserts that QTI misrepresents that Valve did not serve the 425 Rule 11 Motion before filing it. (425 Case Dkt. No. 64 at 1.) Valve asserts that it served the 425 Rule 11 "on May 9, 2024 by emailing Mr. Garteiser a copy of the Motion and a letter requesting [QTI] withdraw its complaint." (*Id.* (citing Dkt. Nos. 64-2–64-6).) Valve also argues that there is no certificate or declaration of compliance requirement. (*Id.* at 2.)

The Court finds that Valve complied with Rule 11(c)(2). The Court takes particular issue with QTI and Mr. Garteiser's false representation to the Court that Valve did not serve the 425 Rule 11 Motion before August 9, 2024. As the evidence clearly shows, which QTI and Mr. Garteiser do not dispute in the sur-reply, Valve emailed Mr. Garteiser a copy of the 425 Rule 11 Motion and attachments on May 9, 2024. (425 Case Dkt. Nos. 64-2–64-6.)

Regarding QTI's argument that the 425 Rule 11 Motion failed to include a certificate or declaration of compliance with Rule 11(c)(2), the Court does not find that argument persuasive. Neither the Federal Rules nor this District's Local Rules require a certification or declaration of compliance. Rule 11(c)(2) requires that Valve serve QTI with the Rule 11 motion and wait 21 days

before filing the motion with the Court to allow QTI to withdraw or correct the challenged document. *See* Fed. R. Civ. P. 11(c)(2). Valve complied with those requirements.

The Court finds that the 425 Rule 11 Motion complies with Rule 11(c)(2).

### 2. Rule 11(b) Was Violated in Both Cases

The Court finds that Symbology and Mr. Garteiser violated Rule 11(b) by filing the Third Amended Complaint in the 419 Case. The Court also finds that QTI and Mr. Garteiser violated Rule 11(b) by filing the First Amended Complaint in the 425 Case.

### a) Symbology and Mr. Garteiser Violated Rule 11(b)(1) in the 419 Case[4]

Valve argues that Symbology and Mr. Garteiser's filing of the Third Amended Complaint was a deliberate attempt to delay the resolution of Valve's motion to dismiss and increase litigation costs in violation of Rule 11(b)(1). (419 Case Dkt. No. 85 at 5-6.) Valve asserts that Symbology maintained three sets of operative venue allegations, forcing Valve to revise its motions to dismiss each time. (*Id.*) Valve contends that, in violation of the Court's Order, instead of responding to Valve's motion to dismiss the Second Amended Complaint, Symbology filed the Third Amended Complaint, which contained new expanding venue allegations. (*Id.*) Valve argues that Symbology should have included these new venue allegations in its opposition to Valve's motion to dismiss, not a Third Amended Complaint. (*Id.*) Symbology and Mr. Garteiser's only response was "that the Court already ruled that [Symbology's] third amendment [*sic*] complaint was proper and timely under the Scheduling Order." (419 Case Dkt. No. 95 (citing 419 Case Dkt. No. 64 at 3).)

As an initial matter, the Court did not rule that the Third Amended Complaint was proper. In the Court's April 29, 2024, Order, the Court acknowledged that "Symbology is correct that the

---

[4] In the 419 Case, Valve seeks sanctions against Symbology and its counsel, Mr. Randall Garteiser, for violating Rule 11(b)(1). (419 Case Dkt. No. 85 at 1 n.3.) In the 425 Case, Valve does not seek sanctions for a Rule 11(b)(1) violation. (*See generally* 425 Case Dkt. No. 54.)

Court's Docket Control Order sets August 29, 2024 as the deadline for the parties to amend pleadings, prior to which Symbology need not seek leave of Court to amend its pleadings." (419 Case Dkt. No. 64 at 3.) In the subsequent sentences, however, the Court stated:

> However, the DCO's deadline for amended pleadings does not allow Symbology to avoid responding to Valve's Motion to Dismiss. The parties have conducted expedited venue discovery, and Symbology should have all of the information it needs to respond to Valve's Motion to Dismiss. As such, the Court **GRANTS** Valve's request to order Symbology to file a response to Valve's renewed Motion to Dismiss (Dkt. No. 55).

(419 Case Dkt. No. 64 at 3.) Therefore, while the Court acknowledged that Symbology could file an amended pleading under the Court's Docket Control Order without seeking leave, the Court specifically stated that the Court's Docket Control Order does not provide Symbology the ability to avoid responding to Valve's motion to dismiss.

Moving to the merits of Valve's Rule 11(b)(1) challenge, the Court finds that Symbology and Mr. Garteiser filed the Third Amended Complaint to unnecessarily delay the resolution of Valve's motion to dismiss. Rule 11(b)(1) provides that, by presenting a pleading, an attorney certifies that "it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation." Fed. R. Civ. P. 11(b)(1). In the Court's venue discovery order, the Court ordered that "Plaintiff's response to the Motion to Dismiss shall be filed within fifteen (15) days of issuance of the final transcript of the referenced Rule 30(b)(6) deposition, or within eighty-nine (89) days of the issuance of this Order, whichever is later." (419 Case Dkt. No. 24 at 3.) Despite this Court order, Symbology and Mr. Garteiser filed the Third Amended Complaint instead of responding to Valve's motion to dismiss. (419 Case Dkt. No. 52.) Based on these actions, the Court can only conclude that Symbology and Mr. Garteiser were seeking to improperly delay responding to and resolution of Valve's motion to dismiss.

The Court also finds that Symbology and Mr. Garteiser's filing of the Third Amended

Complaint needlessly increased the cost of litigation. Symbology and Mr. Garteiser argue that they "informed [Valve] that it was going to file a third amended complaint as the parties had agreed to notify each other. But . . . Valve insisted that it must re-file its motion to dismiss under Rule 12(b)(3) with full knowledge Plaintiff was going to amend again." (419 Case Dkt. No. 95 at 3 (citing Garteiser Declaration ¶ 2).) The Court notes that there is no "Garteiser Declaration" in support of either the opposition or sur-reply to Valve's 419 Rule 11 Motion. (*See generally* 419 Case Dkt. Nos. 95, 100.) There is an Exhibit 2 to the opposition. (*See* 419 Case Dkt. No. 95-3.) However, that exhibit is an email from Mr. Garteiser regarding the 425 Case, not the 419 Case. (*Id*.) The Court does not find the argument that QTI, not a party in the 419 Case, intended to amend its pleadings in a different case persuasive.

Further, under Rule 12, Valve had 21 days from the filing of the Second Amended Complaint to file its motion to dismiss. Fed. R. Civ. P. 12(a), (b). After Valve filed its motion to dismiss the Second Amended Complaint, as required under Rule 12, Symbology and Mr. Garteiser filed the Third Amended Complaint. (419 Case Dkt. No. 52.) In response, Valve moved to strike the Third Amended Complaint and moved to dismiss the Third Amended Complaint. (419 Case Dkt. Nos. 55, 57.) The Court finds that Symbology and Mr. Garteiser's actions needlessly increased the costs the parties incurred and wasted judicial resources.

Finally, concerning Valve's arguments that Symbology and Mr. Garteiser could and should have included the greatly expanded venue allegations in response to Valve's motion to dismiss instead of the Third Amended Complaint, the Court agrees. This is another example of Symbology and Mr. Garteiser unnecessarily delaying the resolution of Valve's motion to dismiss and needlessly increasing the cost of litigation. Another district court has already cautioned Symbology's counsel, Mr. Garteiser, that "amendments to the venue allegations in the original

complaint are better suited for a response to the Motion to Dismiss." *Decapolis Sys., LLC v. Epic Sys. Corp.*, No. 6:21-cv-00434-ADA, 2021 WL 5908403, *2 (W.D. Tex. Dec. 14, 2021).

Accordingly, the Court finds that Symbology and Mr. Garteiser violated Rule 11(b)(1) in filing the Third Amended Complaint.

### b)    Rule 11(b)(2)[5]

#### i.    Mr. Garteiser Violated Rule 11(b)(2) in the 419 Case

Valve argues that Mr. Garteiser violated Rule 11(b)(2) because the Third Amended Complaint contains legal contentions that conflict with current venue laws. (419 Case Dkt. 85 at 6-11.) Valve asserts that the Third Amended Complaint repeats legal allegations that Valve's prior motions to dismiss showed were frivolous. (*Id.* at 7.) Specifically, Valve contends that the Third Amended Complaint repeats the contention that venue is proper because Valve sells gift cards in this District and because Valve consented to jurisdiction in this District in prior cases. (*Id.*) Valve argues that Mr. Garteiser knew these arguments were frivolous at least since Valve's first motion to dismiss because Valve cited precedent that forecloses those arguments. (*Id.* (citing 419 Case Dkt. Nos. 11, 37, 45, 55).) Valve further asserts that Mr. Garteiser repeats the improper allegation that venue is proper under 28 U.S.C. § 1391 (c). (*Id.* at 8 (citing 419 Case Dkt. No. 52 ¶¶ 54-66).) Valve argues that Mr. Garteiser should have been aware that 28 U.S.C. § 1400(b) is the sole and exclusive venue statute in patent cases, not 28 U.S.C. § 1391. (*Id.* at 8-10.)

Mr. Garteiser responds that the allegations in the Third Amended Complaint were "cumulative of Valve's ties to this District and not objectively baseless." (419 Case Dkt. No. 95 at 2.) Mr. Garteiser argues that Valve "fails to acknowledge that evidence of Valve's ties to this District while not dispositive, shows that personal jurisdiction is proper against Valve, and that is

---

[5] In both the 419 and 425 Cases, Valve only seeks sanctions against Symbology's and QTI's counsel, Mr. Garteiser, for violating Rule 11(b)(2). (419 Case Dkt. No. 85 at 1 n.3; 425 Case Dkt. No. 85 at 1 n.4.)

a requirement even if the Court had held that Valve waived Section 1800(b) through its prior agreement with Symbology's parent company." (*Id.*)

The Court finds that Mr. Garteiser's filing of the Third Amended Complaint violated Rule 11(b)(2) because Mr. Garteiser repeated legal contentions—for the fourth time—in the face of Valve providing clear case law explaining why these allegations were legally frivolous. Rule 11(b)(2) provides that, by presenting a pleading, an attorney certifies that "the claims . . . and other legal contentions are warranted by existing law or by a nonfrivolous argument for [extension or modification of existing law] . . . ." Fed. R. Civ. P. 11(b)(2).

Here, Mr. Garteiser alleged, for the fourth time, that venue is proper as to Valve because "Valve sells its Gift Cards in this District." (419 Case Dkt. No. 52 ¶¶ 37, 52.) However, as Valve explained and cited in its motions to dismiss, this Court has already rejected that argument. (419 Case Dkt. Nos. 11, 37, 45, 55 (citing *Alexsam, Inc. v. Simon Prop. Grp. (Texas), L.P.*, No. 2:19-cv-00331-JRG, 2021 WL 8441707, at *2 (E.D. Tex. 2021)).) Mr. Garteiser has never argued "for extending, modifying, or reversing" that case law.

However, the more disturbing Rule 11(b)(2) violation concerns Mr. Garteiser's repeated allegation that venue is proper under 28 U.S.C. § 1391. While the Third Amended Complaint finally included allegations that venue was proper under 28 U.S.C. § 1400, it also reasserted that venue was proper under Section 1391. (419 Case Dkt. No. 52 ¶¶ 54, 55, 66.) When the Court raised this concern with Mr. Garteiser at the hearing, Mr. Garteiser could not explain how Section 1391 relates to venue in a patent case or why he included the allegation that venue was proper over Valve under Section 1391 in the Third Amended Complaint. (419 Case Dkt. No. 109 at 38:10-40:3.)

Mr. Garteiser has appeared as counsel before this Court in over 200 patent cases in the last four years. Mr. Garteiser is certainly well versed in patent law enough to know that 28 U.S.C. §

1400 is the "sole and exclusive provision controlling venue in patent infringement actions" and is not supplemented by the general venue statutes. *TC Heartland LLC v. Kraft Foods Grp. Brands LLC*, 581 U.S. 258, 266 (2017) (citing *Fourco Glass Co. v. Transmirra Prod. Corp.*, 353 U.S. 222, 229 (1957)). An objectively reasonable attorney would not believe and would not have alleged—four times—that venue was proper under 28 U.S.C. § 1391 when it is clear that 28 U.S.C. § 1400 is the sole statutory basis for venue in patent cases. *Raylon*, 700 F.3d at 1367.

Accordingly, the Court finds that Mr. Garteiser's filing of the Third Amended Complaint, which included many legal contentions that contradict existing precedent, violated Rule 11(b)(2).

### ii.    Mr. Garteiser Violated Rule 11(b)(2) in the 425 Case

Valve argues that Mr. Garteiser violated Rule 11(b)(2) because the First Amended Complaint contains legal contentions that conflict with current venue laws. (425 Case Dkt. 54 at 6-8.) Like the 419 Case, Valve advanced the same or similar arguments concerning Mr. Garteiser's actions concerning the First Amended Complaint. (*Compare* 419 Case Dkt. No. 85 at 6-10, 13-14 *with* 425 Case Dkt. No. 54 at 6-8.)

Accordingly, as discussed above, the Court finds that Mr. Garteiser's filing of the First Amended Complaint, which included legal contentions that contradict existing precedent, violated Rule 11(b)(2).

### c)    Rule 11(b)(3)[6]

### i.    Symbology and Mr. Garteiser Violated Rule 11(b)(3) in the 419 Case

Valve argues that Symbology and Mr. Garteiser violated Rule 11(b)(3) because the Third Amended Complaint contains factual allegations that Symbology and Mr. Garteiser knew were

---

[6] In both the 419 and 425 Cases, Valve seeks sanctions against Symbology, QTI, and Mr. Garteiser for violating Rule 11(b)(3). (419 Case Dkt. No. 85 at 1 n.3; 425 Case Dkt. No. 85 at 1 n.4.)

false. (419 Case Dkt. No. 85 at 11-14.) Valve asserts that Symbology and Mr. Garteiser alleged several times "factual allegations for which it did not have evidentiary support in its Original Complaint and that, after discovery, [Symbology and Mr. Garteiser knew were] unsupported." (*Id.* at 11.) Valve also asserts that the Third Amended Complaint included new factual allegations that venue discovery proved false. (*Id.* at 12-13.)

Mr. Garteiser argues that its allegations in the Third Amended Complaint were "cumulative of Valve's ties to this District and not objectively baseless." (419 Case Dkt. No. 95 at 2.) Mr. Garteiser argues that Valve "fails to acknowledge that evidence of Valve's ties to this District while not dispositive, shows that personal jurisdiction is proper against Valve, and that is a requirement even if the Court had held that Valve waived Section 1800(b) through its prior agreement with Symbology's parent company." (*Id.*)

The Court finds that Symbology and Mr. Garteiser's filing of the Third Amended Complaint violated Rule 11(b)(3) because the Third Amended Complaint contains factual contentions they knew or should have known were false. Rule 11(b)(3) provides that, by presenting a pleading, an attorney certifies that "the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3).

Here, the Third Amended Complaint alleged that venue was proper because Valve "has at least an agency over employees that reside in this district that perform inspections of its dedicated servers." (419 Case Dkt. No. 52 ¶ 59.) However, Symbology and Mr. Garteiser have known since at least November 6, 2023, that Valve does not have any employees in this District. (*E.g.*, 419 Case Dkt. No. 11-1 (sworn declaration from Valve's in-counsel that Valve does not have employees in this District); 419 Case Dkt. No. 37-1 (same); 419 Case Dkt. No. 45-1 (same); 419 Case Dkt. No.

55-1 (same).) During venue discovery, before the filing of the Third Amended Complaint, Mr. Garteiser deposed Valve's 30(b)(6) corporate representative who testified that Valve does not have any employees that live in Texas. (419 Case Dkt. No. 52-17 ("Q: Are you aware of any employees for Valve Corporation that live in Texas? A: No.").) Despite Valve's declarations and 30(b)(6) testimony, Symbology and Mr. Garteiser alleged again that Valve has agency over employees that reside in this District. (419 Case Dkt. No. 55 ¶ 59.)

Additionally, for the first time, the Third Amended Complaint alleged that Valve waived its right to object to venue based on the Global Settlement and License Agreement ("GSALA"). However, it is clear from the face of the GSALA that this factual contention lacked any evidentiary support. The GSALA does not involve the patents Symbology asserted against Valve, Symbology is not a party to the GSALA, and Valve was not asserting a license defense.

Accordingly, the Court finds that Symbology and Mr. Garteiser's filing of the Third Amended Complaint, which included many factual contentions that Symbology and Mr. Garteiser knew or should have known were false, violated Rule 11(b)(3).

### ii.      QTI and Mr. Garteiser Did Not Violate Rule 11(b)(3) in the 425 Case

Valve argues that QTI and Mr. Garteiser violated Rule 11(b)(3) because the Third Amended Complaint contains factual allegations that Symbology and Mr. Garteiser knew were false. (425 Case Dkt. No. 54 at 8-10.) Valve asserts that the First Amended Complaint reasserts factual allegations related to Co-Defendant Gearbox Software, LLC ("Gearbox") that QTI and Mr. Garteiser knew were false. (*Id.* at 8-9.) Valve also asserts that the First Amended Complaint reasserts factual allegations related to willful infringement that are false, specifically that the parties had pre-suit communications. (*Id.* at 9-10.) QTI and Mr. Garteiser did not respond to these arguments. (*See generally* 425 Case Dkt. No. 63.)

The Court finds that, based on these facts and circumstances, QTI and Mr. Garteiser's filing of the First Amended Complaint did not violate Rule 11(b)(3). As mentioned above, Rule 11(b)(3) provides that, by presenting a pleading, an attorney certifies that "the factual contentions have evidentiary support or . . . will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b)(3). While the Court agrees that some of the allegations in the First Amended Complaint raise concerns regarding Rule 11(b)(3), the Court finds that these allegations do not rise to the level of a clear violation. For example, while Valve argues that QTI's pre-suit communication allegation in the First Amended Complaint is false, the only communication Valve points to with Mr. Garteiser concerns the 419 Case and Symbology's allegations, not the 425 Case and QTI's allegations. (425 Case Dkt. No. 54 at 9-10 (citing 425 Case Dkt. No. 54-9).) While the Court recognizes that the parties stipulated that venue discovery applied with equal force across both cases, the Court does not find that Valve's complaint in a parallel case applies with equal force in this case.

Accordingly, the Court finds that QTI and Mr. Garteiser's filing of the First Amended Complaint does not rise to the level of a Rule 11(b)(3) violation.

### B.    Sanctions Under the Court's Inherent Authority are Not Appropriate

Since the Court finds that sanctions are warranted under Rule 11, the Court does not reach the argument that the Court should also impose sanctions under the Court's inherent powers.

### C.    Sanctions are Appropriate

The Court, having determined that Symbology, QTI, and Mr. Garteiser violated Rule 11(b), moves forward to impose sanctions in an amount that "suffices to deter repetition of the conduct or comparable conduct by others similarly situated." Fed. R. Civ. P. 11(c)(4). If the Court determines that Rule 11(b) has been violated, the Court may impose an appropriate sanction on the attorney, law firm, or party responsible for the violation. Fed. R. Civ. P. 11(c)(1). The central

purpose of court-imposed sanctions is to "deter baseless filings in district court." *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 393 (1990).

### 1.    Symbology and QTI are Not Jointly and Severally Liable

The Court does not find that Symbology and QTI are jointly and severally liable for the false allegations in these cases. Rule 11(c)(1) authorizes the Court to impose sanctions on Mr. Garteiser, as the violating attorney, and on Symbology and QTI, as the clients potentially responsible for the violation. A client is responsible for a Rule 11 violation if the client "know[s] that the filing and signing [of a pleading, motion, or other paper] is wrongful." *In re Motion for Sanctions Against Meyers*, 2014 WL 1494099, at *8 (N.D. Tex. Apr. 16, 2014), *supplemented*, 2014 WL 1910621 (N.D. Tex. May 9, 2014) (citing *Calloway v. Marvel Entm't Grp., a Div. of Cadence Indus. Corp.*, 854 F.2d 1452, 1475 (2d Cir.1988) *rev'd in part sub nom Pavelic & LeFlore v. Marvel Entm't Grp.*, 493 U.S. 120 (1989)); *see also SyncPoint Imaging, LLC v. Nintendo of Am. Inc.*, No. 2:15-cv-00247-JRG-RSP, 2018 WL 6788033, at *6 (E.D. Tex. Dec. 26, 2018). In appropriate circumstances, the Fifth Circuit has held both the attorney and client jointly and severally liable. *See Jennings v. Joshua Indep. School Dist.*, 948 F.2d 194, 196 (5th Cir. 1991).

Here, the Court does not find appropriate circumstances to hold Symbology and QTI jointly and severally liable for the Rule 11 violations. Mr. Garteiser, at the hearing, took responsibility for the actions in these cases and informed the Court that it had nothing to do with Symbology and QTI. (419 Case Dkt. No. 109 at 35:11-13; 425 Case Dkt. No. 74 at 35:11-13.)

Accordingly, the Court does not find sanctions against Symbology and QTI, jointly and severally, appropriate.

### 2.    Sanctions Against Mr. Randall Garteiser are Appropriate

The Fifth Circuit has recognized that "the district court is vested with considerable discretion in determining the 'appropriate' sanction to impose upon the violating party." *Thomas*

*v. Capital Sec. Servs., Inc.*, 836 F.2d 866, 876-77 (5th Cir. 1988) (en banc). "What is 'appropriate' may be a warm friendly discussion on the record, a hard-nosed reprimand in open court, compulsory legal education, monetary sanctions, or other measures appropriate to the circumstances." *Id.* at 878; *see also* Fed. R. Civ. P. 11 advisory committee's note to 1993 Amendment. In considering what form of sanction to impose, the Court may consider: (1) whether the conduct was willful or negligent; (2) whether the activity was isolated or part of a pattern of activity; (3) whether the conduct affected only a single event within the case or the entire litigation; (4) any previous similar conduct by the attorney; (5) whether the conduct was intended to cause injury; (6) the effect of the conduct on the litigation in terms of time and expense; (7) whether the responsible party was trained in the law; and (8) what sanction, given the financial resources of the responsible person, is needed to deter similar activity by other litigants. *Bullard v. Chrysler Corp.*, 925 F. Supp. 1180, 1190 (E.D. Tex. 1996) (citing Fed. R. Civ. P. 11 advisory committee's note to 1993 amendment). Whatever the sanction a court imposes, the court should limit the sanction to what is minimally sufficient to deter repetition of such conduct or comparable conduct by others similarly situated. Fed. R. Civ. P. 11(c)(4).

Valve seeks sanctions in the form of attorneys' fees and costs. (*See* 419 Case Dkt. No. 104; *see also* 425 Case Dkt. No. 70.) It is clear that Mr. Garteiser's actions in these cases not only violated Rule 11 as addressed above but were well below the standard of competence expected of attorneys who practice before this or any United States District Court. Mr. Garteiser's admitted lack of diligence and candor with the Court is simply inexcusable. However, under these circumstances, the Court does not find that monetary sanctions are appropriate. What is appropriate is a public admonition, a requirement that Mr. Garteiser complete legal ethics courses, and a requirement that Mr. Garteiser relearn the fundamentals of the Federal Rules of Civil Procedure.

## IV.    CONCLUSION

For the foregoing reasons, the Court finds that Valve's 419 Rule 11 Motion (419 Case Dkt. No. 85) and 425 Rule 11 Motion (425 Case Dkt. No. 54) should be and hereby are **GRANTED-AS-MODIFIED**. The Court finds that Valve's 419 Sanctions Motion (419 Case Dkt. No. 91) should be and hereby is **DENIED**.

The Court finds that Symbology and its counsel, Mr. Randall Garteiser of Garteiser Honea, PLLC, engaged in sanctionable conduct by filing the Third Amended Complaint in the 419 Case. The Court also finds that QTI and its counsel, Mr. Randall Garteiser of Garteiser Honea, PLLC, engaged in sanctionable conduct by filing the First Amended Complaint in the 425 Case. Accordingly, the Court **ORDERS** that Symbology and QTI's counsel, Mr. Randall Garteiser, be and he is **SANCTIONED** as follows: He shall complete thirty (30) hours of legal ethics courses by an American Bar Association (ABA) accredited law school or other ABA approved provider (in person or online) within 120 days of this Order and provide proof satisfactory to the Court that he has done so. Additionally, he shall complete thirty (30) hours of focused study on the application and practice of the Federal Rules of Civil Procedure through any ABA accredited law school or other provider (in person or online) within 120 days of this Order and provide proof satisfactory to the Court of completing the same. This continuing legal education requirement is to be completed in addition to the hours required or already completed to comply with Mr. Garteiser's obligations under the State Bar of Texas's Minimum Continuing Legal Education requirements.

So ORDERED and SIGNED this 31st day of January, 2025.

RODNEY  GILSTRAP
UNITED STATES DISTRICT JUDGE